HALL, Judge.
Harry Cabral Jr., substituted plaintiff herein, prosecutes this appeal from a summary judgment dismissing his suit on a negotiable promissory note.
The original suit was filed in the name of Miss Ruth Yung. In her petition it was alleged that she was the holder in due course of a demand note for $22,000.00 dated February 25, 1961, signed by J. J. *223 Benson in his capacity as general manager of Magnolia Acceptance Corporation, attested to by E. S. Delaune, its assistant secretary, and made payable to the order of Thomas J. Spear and by him duly endorsed in blank. On September 29, 1964, the defendant, Magnolia Acceptance Corporation, filed an answer in which it denied all the allegations of plaintiff’s petition and affirmatively plead absence of consideration for the note. On October 1, 1964, defendant filed a motion to take the oral deposition of the plaintiff, Miss Ruth Yung, for the purpose of determining if she was a holder in due course. On October S, 1964, an amended petition was filed jointly by Miss Yung and Mr. Harry Cabral Jr., in which it was alleged that the original petition had been filed in Miss Yung’s name for convenience only and that in fact Mr. Harry Cabral Jr. was the owner and holder in due course of the note instead of Miss Yung. As a consequence Mr. Cabral was substituted as party plaintiff and Miss Yung was dismissed from the proceedings. The deposition of Miss Yung taken on October 7, 1964, revealed that she had no knowledge of the note or of the suit filed in her name. However, her deposition further showed that she was Mr. Cabral’s sister-in-law, that he held her general power-of-attorney, and that she had no objection to the suit having been filed in her name.
After the taking of certain other discovery depositions defendant filed a supplemental answer denying all of the allegations of both the original and supplemental petitions, and for further answer alleged that there was a total absence of consideration for the note sued upon, and alternatively alleged that any obligation which may have resulted therefrom had been extinguished by compensation by reason of the fact that the original holder and payee of the note became indebted to defendant for the same amount from the moment defendant’s debt to him arose, said original holder and payee having furnished defendant his own promissory note payable on demand for the same amount as the note sued upon at the same time as defendant’s note was executed. Defendant further specially averred that plaintiff, Cabral, was not a holder in due course of the note sued upon.
On behalf of defendant discovery depositions were taken of Miss Yung, the original plaintiff; Mr. Cabrall, the substituted plaintiff; and Mr. Thomas J. Spear, the original holder and payee of the note.
Plaintiff took the discovery depositions-of Mr. Jerome J. Benson, president (formerly general-manager) of the defendant corporation; and Mr. Edward S. Delaune,. assistant-secretary of the corporation as of the date of the note sued upon.
Both parties filed motions for summary judgment. All of the depositions above mentioned were annexed to and made part' of defendant’s motion. On March 10, 1965, the District Court rendered judgment denying plaintiff’s motion for summary judgment, granting defendant’s motion for summary judgment, and dismissing plaintiff’s-suit at his cost. Plaintiff appealed.
At the outset we must dispose of plaintiff’s contention that defendant, .having denied all of the articles of plaintiff’s-petition, which includes a denial of the-execution of the note sued upon, is precluded from setting up other defenses. This is-no longer the law. The rules previously enunciated in Articles 325 and 326 of the former Code of Practice which relate to the defendant’s denial of his signature have not been included in the new Code of Civil Procedure. See Article 1004 of the Code of Civil Procedure (LSA-C.C.P. Art. 1004)- and Comment (d) thereunder.
The record before us, as made up for the-purpose of defendant’s motion for summary judgment, consists entirely of the pleadings and the depositions previously mentioned. We are of the opinion that the following facts are adequately shown by the-depositions:
a) That the note sued upon was signed by-Mr. Benson, defendant’s general-manager,, and by Mr. Delaune, its assistant-secretary,. *224 in the name and on behalf of the defendant corporation and that it was delivered as such to Mr. Spear, the original payee,
b) that Mr. Spear endorsed the note in blank and transferred and delivered it to Mr. Cabral, and
c) that Mr. Cabral is presently the holder of the note.
None of these facts are in serious dispute. Although Mr. Benson stated in his deposition that he had no recollection of signing the note he admitted that the signature appearing thereon looked like his signature and had no reason to believe that it was not. Mr. Delaune stated that his recollection of signing the note was vague but that his signature appears thereon as assistant-secretary of the defendant corporation, and that the other signature thereon looks like Mr. Benson’s.
None of the deponents, except Mr. Spear, the original payee, professed to have any knowledge of the cause of or the circumstances surrounding the confection of the note. In his deposition, Mr. Spear testified under oath that the transaction consisted of an exchange of notes between himself and the defendant corporation — that simultaneously with the execution and delivery to him of the defendant’s note for $22,000.00 herein sued upon he executed and delivered to the defendant his own promissory note for $22,000.00 dated the same day payable to defendant’s order.
Neither Mr. Benson, defendant’s president and former general manager, nor Mr. Delaune, its assistant-secretary, had any recollection of the transaction, except that Mr. Delaune stated that lie was aware of the fact that defendant had given the note sued upon to Mr. Spear. Neither of them had any recollection of ever having received a note from Mr. Spear in exchange and Mr. Benson further testified that a search of the corporate files and records revealed no trace of any note made by Spear nor of any such note ever having existed.
Defendant contends that no consideration was given by Spear for the note sued upon. Alternatively, if the Court should find that there was an exchange of notes between Spear and defendant and that this constituted a valid consideration, defendant contends that its indebtedness to Spear, represented by the note sued upon, was extinguished by compensation as of the moment of exchange. Defendant further contends that having shown that it has a valid defense against the original payee, Spear, the burden of proof shifts to plaintiff, Cabral, to prove that he is a holder in due course, and since plaintiff has not sustained that burden he holds the note subject to all the equities and defenses which defendant could urge against Spear.
On the record as presently constituted we must hold that an exchange of notes took place between Spear and defendant. The fact that the corporate officers had no recollection of the exchange is insufficient to overcome the positive testimony of Spear, especially in view of the provisions of LSA-R.S. 7:24 that “Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value.”
The exchange of notes constituted sufficient consideration for each note.
“ * * * [T]he authorities are agreed that one promissory note is a good and sufficient consideration, for another, given in exchange * * * ” American Nat. Bank v. Patterson, 145 La. 995, 83 So. 218, 7 A.L.R. 1563.
“The exchange of another instrument or evidence of indebtedness for a bill or note is sufficient consideration to support the latter, unless the paper or instrument exchanged is for some reason void or illegal or unenforceable * * * ” 10 C.J.S. Bills and Notes § 149, p. 603.
Defendant’s alternative contention that the note sued on was extinguished by compensation as of the date the two notes *225 were executed is based upon the assumption that both notes were made payable on demand. However, there is no testimony in the record that the note given by Spear to defendant was a demand note, and no where in the record is the maturity date of this note mentioned.
Since compensation takes place only between two debts which are “equally demandable,” (LSA-C.C. Art. 2209, Federal Insurance Corporation v. Page, La.App., 195 So. 629) compensation in the instant case could not take place until the maturity of the note given by Spear to defendant— a date which is unknown. In order to take advantage of the plea of compensation defendant would have to show that compensation took place before plaintiff acquired the note sued upon, since “compensation cannot take place to the prejudice of the rights acquired by a third person” (See LSA-C.C. Art. 2215. See also In re Liquidation of Canal Bank and Trust Co., Intervention of Gay-Sullivan & Co., Inc., 182 La. 421, 162 So. 31, 102 A.L.R. 1091.)
This the defendant has not shown.
 Since the record presently before us is insufficient to show that there is any infirmity in the note sued upon, it is immaterial to consider whether plaintiff is a holder in due course. He is a “holder” within the meaning of the N. I. L. (whether or not a holder in due course) and as such is entitled to sue and recover theron in his own name, and payment to him would discharge the instrument. See LSA-R.S. 7:51.
Defendant has attempted to show that plaintiff is not a bona fide holder for value, but this defense is not available to defendant unless he asserts a defense good against the original payee.
“It has been held that the maker of commercial paper cannot, as against an endorsee holder, defend on the ground that the holder is not a bona fide holder for value, unless he asserts a defense which would be good against the original payee or holder.” 10 C.J.S. Bills and Notes § 481, p. 1045.
“Defenses arising out of the transfer of the bill or note that are personal to a transferor are not available to the maker in a suit against him by an en-dorsee or transferee. The maker cannot litigate questions which can properly arise only between the holder and his immediate indorser.” 11 Am.Jur. 2d Sec. 655, p. 718.
It must be emphasized that this opinion is based upon the facts as revealed by the record presently before us. This record in our opinion is insufficient to sustain a summary judgment in defendant’s favor.
For the foregoing reasons the judgment appealed from is annulled and the case is remanded to the District Court for further proceedings according to law, costs of this appeal to be borne by defendant-appellee, all other costs to await final determination of the cause.
Judgment annulled and case remanded.