BOLIN, Judge.
We granted writs to determine the correctness of a ruling of the lower court ordering an alleged mortgage creditor to be made a party defendant to a suit instituted by plaintiff, owner and mortgagor, against his flood insurers.
James B. Davis sued Aetna Casualty & Surety Company and National Flood Insurers Association alleging that on May 23, 1973, he obtained a flood insurance policy covering his dwelling, and contents thereof, located in the City of Shreveport; that the policy was issued by Insurance Companies Members of National Flood Insurers Association, with Aetna Casualty & Surety Company named as the servicing company; that on or about july 7, 1973, the premises were damaged by flood; that Davis furnished defendants with sufficient proof of loss as required by the terms of the policy; that on September 11, 1973, National Flood Insurers Association issued its draft for $5,924.08 payable to James B. Davis and Blaylock Investment Corporation; that numerous requests were thereafter made for defendant to reissue the draft payable only to James B. Davis; that National Flood Insurers has consistently refused to comply with this demand; that plaintiff is entitled to a judgment for the amount of the draft plus penalties and attorney’s fees. Attached to plaintiff’s petition is the insurance contract.
Defendants filed a motion for a summary judgment and attached thereto a certified copy of an instrument dated August 2, 1972, entitled “Credit Sale of Property” by Jessie May Beal Guice Davis to James B. Davis et ux. This instrument provided that the sale was made for a total consideration of $23,650 payable in one note and as security therefor the purchaser executed the note payable to order of “Myself”. The instrument further provided that the maker endorsed and transferred the note to Blaylock Investment Corporation. Paragraph 8 of this sale and security device provides:
“If the property covered hereby, or any part thereof, shall be damaged or destroyed by fire or other hazard against which insurance is held, the amounts due by any insurance company shall, to the extent of the indebtedness then remaining unpaid, be paid to creditor, and, when so paid, may, at its option, be applied to the debt or be used for the repairing or rebuilding of the said property.”
Plaintiff filed a response to the motion for summary judgment and attached to the response affidavits alleging that the basic homeowners policy, required by the lending agency, had been acquired at the time plaintiff purchased his home; further, that Blaylock had never required additional insurance ; that the policy of flood insurance was purchased and paid for by plaintiff individually; that all premiums on the basic homeowners policy were paid into an escrow account from which mortgagee paid the insurance company.
Aetna’s motion for a summary judgment was based solely upon the attached document, it being neither alleged nor shown by affidavit that Blaylock was the then owner and holder of the mortgage note or the creditor of plaintiff. Based upon the allegations of this motion and the attached document, the trial judge for written reasons concluded that under paragraph 8 as above quoted defendant insurance company was prevented from paying the entire proceeds of the policy to James B. Davis alone. Plaintiff was therefore granted “ten days to make the mortgagee a party, failing in which the motion for summary judgment will be sustained and plaintiff’s suit dismissed as of nonsuit.”
*908 We find the ruling of the lower court is erroneous for the following reasons:
(1) Defendants filed a motion for a summary judgment and the ruling of the lower court was not responsive to the pleadings.
(2) Assuming the ruling was responsive to the pleadings, it was invalid for the following reasons:
(a) As previously stated, defendant’s motion for summary judgment was supported only by a certified copy of the mortgage and vendor’s lien, there being no proof that Blaylock was the then creditor. Paragraph 8 as quoted hereinabove and relied on by the lower court is not controlling.
(b) The insurance contract between plaintiff and defendants, which is attached to plaintiff’s petition, contains the following provision: “MORTGAGE CLAUSE: Subject to the provisions of the mortgage clause in the policy, loss, if any, on dwelling building item shall' be payable to”, and in the blank space following this provision there is written “N.A.”, which is the abbreviation .for “not applicable”. This insurance policy is the only contract between plaintiff and defendants. There being no pleadings or evidence offered in connection with the motion for summary judgment, plaintiff and defendants are bound by the insurance contract.
(c) There is nothing in the record to reflect that Blaylock desires any of the proceeds from the payment of the flood damage.
If Blaylock desires to assert any rights to the proceeds of the insurance policy, we find the proper and certainly the better procedure would be for it to intervene and assert its interest. In the absence of such intervention or of some evidence in the record to reflect that Blaylock is demanding some of the proceeds, defendants have no legal right to refuse to pay the entire amount of the loss to plaintiff according to the contract of insurance.
For the reasons assigned the writs heretofore issued are made absolute and the ruling of the lower court is set aside and the case is remanded to the lower court for further proceedings consistent with the views herein expressed; costs to await the final determination of the cause.
PRICE, J., dissents for reasons assigned by HALL, J.
HALL, J., dissents and assigns written reasons.