ELLIS, Judge.
Plaintiffs Stephen P. Newell and Carol M. Newell purchased a house and lot from defendant Douglas E. Lanier, Inc. on September 5, 1974. As part of the purchase price, they gave to defendant a promissory note for $11,450.00, dated September 5, 1974, and payable in monthly installments of $500.00, including principal and interest at the rate of 8SA per cent, per annum. The note was secured by a second mortgage on the property acquired.
On May 13, 1975, this suit was filed, seeking rescission of the sale because of redhibitory defects in the house. Alternatively, plaintiffs asked for a reduction in the purchase price, plus damages and attorney’s fees, and that the note given to defendant be reduced by the amount of any money judgment awarded.
On May 29,1975, plaintiffs filed a motion alleging that the note given to defendant was the only asset which could be used to pay any judgment rendered against defendant herein, and that they had reason to believe that the proceeds of the note had been assigned or pledged to the American Bank and Trust Company to secure a loan made by defendant. Plaintiffs obtained an ex parte order directing them to make the $500.00 payments on the note into the registry of the court, and ordering the defendant and American Bank to deposit the note with the Clerk of Court pending final outcome of the case. It was alleged that the balance due on the said note had been reduced to approximately $7,200.00.
Thereafter, a preliminary default was entered on June 2, 1975, and confirmed by judgment dated June 20, 1975. The judgment awarded plaintiffs a $5,026.00 reduction in the purchase price, $2,000.00 in damages and $1,500.00 in attorneys’ fees, “by which total amount of $8,526.00 the note executed by plaintiffs on September 5, 1974, in the amount of $11,450.00 payable at the rate of $500.00 per month to the order of Douglas E. Lanier, Inc. at 8% per cent, interest is reduced and cancelled.”
On September 17, 1975, alleging itself to be one who could have intervened in the trial of the case, J & J Home Supply, Inc. took a devolutive appeal from the said judgment. It alleges itself to be the assign-ee of the note given by plaintiffs to defendant, and bases much of its argument on facts which do not appear in the record of this case. We can not consider any matters dehors the record.
The appellant who was not a party to the suit in the trial court must take the record as he finds it. Balis v. Mitchell, *536 48 So.2d 691 (La.App. 1 Cir. 1950). One who brings an appeal from a default judgment must overcome the presumption that the judgment is correct and was rendered on sufficient evidence, when the judgment contains the recital that evidence was taken and that the law and the evidence favor the plaintiff. Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875 (1972). There is no note of evidence in this record, and the judgment herein contains the above recitals. The presumption of correctness is therefore applicable in this case.
Appellant therefore cannot and does not complain of that part of the judgment awarding damages to plaintiffs, nor to the amount thereof. The specifications of error are directed to that part of the judgment which reduces and cancels the promissory note to the extent of the damages awarded. It is argued that compensation can not take place between plaintiffs and defendant because the requirements of the law have not been met.
Articles 2207 through 2209 of the Civil Code provide:
“Art. 2207. When two persons are indebted to each other, there takes place between them a compensation that extinguishes both the debts, in the manner and cases hereafter expressed.”
“Art. 2208. Compensation takes place of course by the mere operation of law, even unknown to the debtors; the two debts are reciprocally extinguished, as soon as they exist simultaneously, to the amount of their respective sums.”
“Art. 2209. Compensation takes place only between two debts, having equally for their object a sum of money, or a certain quantity of consumable things of one and the same kind, and which are equally liquidated and demandable.
“The days of grace are no obstacle to the compensation.”
If the theory of compensation were the only basis for reduction and cancellation of the note, we would sustain the appellant’s position, because the judgment, when final, is immediately exigible in full, whereas payment of the promissory note may be demanded only in accordance with its terms, in installments of $500.00 per month. The two debts are not equally demandable, and therefore would not be subject to legal compensation. See Federal Deposit Ins. Corporation v. Page, 195 So. 629 (La.App. 2 Cir. 1940); Yung v. Magnolia Acceptance Corporation, 180 So.2d 222 (La.App. 4 Cir. 1965).
However, we believe that the amount of the note is reducible to the extent that the judgment is in quanti minoris, or $5,026.00. That is because we are dealing with only one debt or obligation rather than with two. The obligation is that of the purchasers-plaintiffs to pay that part of the purchase price represented by the promissory note. The effect of the judgment in quanti minoris is to reduce that obligation, and not to create a separate debt due by the defendant to the plaintiffs. Plaintiffs are therefore entitled to have the promissory note reduced by that amount.
The same is not true of that part of the judgment awarding damages and attorney’s fees. These are new debts, created by the judgment, and may not be applied to the note under the theory of compensation, because not equally demandable with the debt represented by the note.
The record does not reflect that the note has been negotiated by defendant to a holder in due course. The note was filed in the record without objection from anyone. Further, a holder in due course of the note would be protected from reduction thereof under either of the above theories, and we must presume that the record below was devoid of evidence that there was any negotiation of the note.
The judgment appealed from is therefore amended so as to provide that the principal balance due on the promissory note be reduced by the amount of $5,026.00, and further that there be judgment in favor of plaintiffs and against defendant in the full sum of $3,500.00, together with legal interest thereon from date of judicial demand until paid. All costs of this appeal are to be *537 shared equally by plaintiffs and intervenor. All other costs are to be paid by defendant.
AMENDED AND AFFIRMED.