353 So.2d 1060 (1977)
James B. DAVIS et ux., Plaintiffs-Appellants,
v.
Homer Wesley DAVIS, Sr., et al., Defendants-Appellees.
No. 13390.
Court of Appeal of Louisiana, Second Circuit.
December 5, 1977.
Rehearing Denied January 16, 1978.
Writ Refused March 3, 1978.
*1062 Glen H. Smith, Shreveport, for plaintiffs-appellants.
A. C. David, Shreveport, for defendant-appellee, Homer Wesley Davis.
Mayer, Smith & Roberts, Smitherman, Smitherman, Lunn & Hussey by Charles L. Mayer, Shreveport, for defendant-appellee, Walter E. Hawkins, Jr., d/b/a Walter Hawkins Realtor.
Jackson B. Davis, Shreveport, for defendant-appellee, Ruth Presson d/b/a Ruth Presson Realty Co.
Frank Bright, Shreveport, for defendant-appellee, Jessie Davis.
Before BOLIN, MARVIN and JONES, JJ.
En Banc. Rehearing Denied January 16, 1978.
BOLIN, Judge.
Within a year after its purchase from one of the defendants, plaintiffs' home flooded when a nearby drainage canal was unable to contain the runoff from a heavy rainfall. Claiming their seller was aware from previous experience of the home's susceptibility to flooding, but had failed to disclose this to them, the plaintiffs brought this suit in redhibition, naming as defendants the seller, her estranged husband, and the realtors involved in the transaction. The trial court found the seller and the real estate agent who listed the property were negligent in not informing plaintiffs of the danger of high water; it nevertheless rejected plaintiffs' demands upon a finding that they had been compensated for any loss by the inflated value of the property plus proceeds from a flood insurance policy. Plaintiffs appeal. We reverse in part and cast defendant seller in judgment for a reduction in price and for attorney fees.
The primary issue is whether susceptibility to flooding constitutes a redhibitory defect in the property sold. If this question is resolved in the affirmative we must then determine if plaintiffs have proved their case and the extent of liability, if any, of the various defendants.
Defendant seller lived in the house in question from 1961 until she sold it to the plaintiffs in 1972. The property became part of her separate estate as a result of the partition agreement with her first husband in 1968. During 1967 and 1968 the house flooded on two occasions when a bayou which served as the drainage canal for a substantial portion of the City of Shreveport overflowed its banks after unusually heavy rains. From the time of the first flooding until shortly before she sold the home to plaintiffs, defendant became actively involved in community efforts to have the high water problem solved. During this period she married defendant Homer Wesley Davis, Sr.; they resided together in the home for sixteen months and separated in 1970; a judicial separation was decreed in 1973.
In July 1970, defendant Mrs. Davis and neighboring property owners received a letter from the Caddo Parish Police Jury advising them work was recently completed to cure the worst part of the flooding, and that they should not have apprehension about flooding during normal rainfall. The *1063 local governing body also informed the property owners of continuing attempts to improve the drainage system.
In November 1971 (after deciding she wanted to invest in a trailer park) Mrs. Davis listed her home for sale with defendant Presson Realty. The listing agent, a friend of the family, was aware of the previous flooding but did not inform her employer. This agent left the employ of Presson Realty two months after the home was listed.
Plaintiffs, who were then in the market for a new home, saw defendant's residence in June, 1972, approximately seven months after it was first listed for sale. Desiring to inspect the premises, plaintiffs made arrangements for a showing through their real estate agent who was employed by defendant Hawkins Realty. At plaintiffs' request, this agent prepared an offer to buy the house for $23,650. Defendant Mrs. Davis accepted this offer through defendant Presson Realty. There were no direct contacts between seller and buyer leading up to the purchase agreement.
Plaintiffs passed the act of sale on August 2, 1972. At the realtors' request defendant Homer W. Davis signed his name as vendor to the deed, which stated that he appeared therein "to convey any interest which he may have in and to the property. . ."
During March and April of 1973, the land around plaintiffs' home flooded to within inches of the threshold. From discussions with neighbors plaintiffs learned of the actual flooding of the house almost five years before and secured flood insurance to protect their investment. The house flooded in July 1973, and plaintiffs' claim for coverage became the subject of litigation with the insurer. See Davis v. Aetna Casualty & Surety Company, 293 So.2d 906 (La.App. 2d Cir., 1974), 329 So.2d 868 (La.App. 2d Cir., 1975).
After the July flooding plaintiffs offered to return the house to defendant seller and made demand on her for the return of the purchase price. In the absence of a favorable response to their demands, plaintiffs filed suit in redhibition on August 1, 1973, asking for damages, including attorney fees, totaling $30,000. They prayed for judgment against all defendants in solido.
After suit was filed and before trial more than three years later, plaintiffs' home flooded on four occasions, most recently three weeks prior to the date of trial. At trial both plaintiffs testified they desired to avoid the sale. However, on appeal plaintiffs seek a reduction in price in addition to damages and attorney fees.
In a redhibitory action the plaintiff must prove the thing sold contained a hidden defect which was not apparent by ordinary inspection and which rendered the thing unfit for its intended use or so imperfect that the purchaser would not have bought it had he known of the defect. Louisiana Civil Code Article 2520, 2521; Moreno's, Inc. v. Lake Charles Catholic High Schools, Inc., 315 So.2d 660 (La.1975).
Plaintiffs allege the property's susceptibility to flooding was a defect known to, and hidden from them by, defendant seller. Defendants contend this condition is not a "defect in the thing sold" as contemplated by La. C.C. Art. 2520. Although defendants argue the case is factually distinguishable, we hold the principle of Ford v. Broussard, 248 So.2d 629 (La.App. 3d Cir., 1971) applicable here: a house's susceptibility to flooding is a redhibitory defect.
Defendants contend this defect was apparent to prospective purchasers, hence not a hidden vice of the thing sold which would entitle plaintiffs to avoid the sale. La. C.C. Art. 2521. However, the record shows plaintiffs had no reason to suspect the property was flood-prone. The lot was not adjacent to the drainage canal, but across a street; its relative position as the geographical low point in the area was not visible to the naked eye; water marks left in remote areas of the house by the earlier flooding were not discoverable on a simple inspection; when plaintiffs inquired about the presence of new flooring in the house they were informed that malfunctioning of *1064 the central air conditioning caused extensive water damage to the original floors, necessitating replacement. Considering all the evidence, plaintiffs could not have known the property they purchased was subject to flooding.
This court has the discretion to award a reduction in the purchase price in a redhibitory action. Louisiana Code of Civil Procedure Article 2164; La. C.C. Art. 2543. The decision to grant a reduction is based on a factual determination that the defect does not render the thing sold useless or totally unsuited to its purpose. Ark-La-Tex Builders v. Hoge, 344 So.2d 90 (La.App. 2d Cir., 1977). The record in this case reveals that, while plaintiffs have been subjected to extraordinary inconvenience on the five occasions when their home has flooded, they nevertheless have acquired real property which remains usable. Hence we conclude plaintiffs are entitled to a reduction in the original purchase price of their home.
There must be evidence in the record to support a reduction in price. R. O. Roy & Company, Inc. v. A & W Trailer Sales, 277 So.2d 204 (La.App. 2d Cir., 1973). This evidence may consist of expert opinion testimony. Menville v. Stephens Chevrolet, Inc., 300 So.2d 858 (La.App. 4th Cir., 1974). Defendant realtor Hawkins testified the house was worth 20% less on the real estate market due to its propensity for flooding. Since plaintiffs paid $23,650 for the house without knowledge of the defect, we find an award to plaintiffs of $4,730 against the seller represents a reasonable approximation of the difference between the warranted value and the market value at the time of the sale. See Guillory v. Pitre Ford Company, 345 So.2d 1274 (La.App. 3d Cir., 1977); Menville v. Stephens Chevrolet, Inc., supra. In granting this award for a reduction in price, we hold it was error for the trial court to deny recovery against the seller on the theory that the inflationary increase in value of the property and flood insurance proceeds adequately compensated plaintiffs for losses they suffered due to the flooding. There is no evidence that flood insurance recompensed plaintiffs for the diminution in the value of their property. The reduced worth of the property is applicable both to the inflated value and the value at the time of the sale.
The record shows defendant Mrs. Davis continued to be concerned about the possibility of flooding until she sold her house to plaintiffs. The record shows the house had not been inundated for almost four years prior to the sale. Local authorities continued to assure defendant seller and her neighbors that, due to continuing work on drainage, they should not be apprehensive of flooding during normal rainfall. However, fearing the knowledge would jeopardize her pending sale to plaintiffs, defendant Mrs. Davis admitted she was reluctant to give her name at a public hearing concerning the high water problem in July 1972. Therefore, we conclude Mrs. Davis, having concealed a known redhibitory defect, is answerable to plaintiffs for damages and attorney fees as provided by La. C.C. Art. 2545.
Although plaintiffs are entitled to proven damages beyond the reduction in price in this action, the record is barren of proof of these damages.
Plaintiffs have requested attorney fees in the amount of $2,000. After an examination of the record we conclude $1,500 is reasonable compensation for the services of plaintiffs' attorney. See Baghramain v. MFA Insurance Co., 315 So.2d 849 (La.App. 2d Cir., 1975).
The property having been acquired by his wife prior to their marriage, it is undisputed that defendant Homer W. Davis had no interest to convey when he signed the act of sale to plaintiffs. His signature was demanded out of an abundance of caution by the parties involved in the sale. Since the deed clearly stated the capacity in which he signed and plaintiffs were not misled, we conclude Homer W. Davis is not liable as a seller.
Plaintiffs seek judgment against defendant realtors in solido with defendant seller. Absent a vendor-vendee *1065 relationship, there can be no redhibitory action. LeBlanc v. Ellerbee Builders, Inc., 317 So.2d 1 (La.App. 1st Cir., 1975). Plaintiffs' remedy against the realtors is in damages for fraud under La. C.C. Art. 1847(9), or for negligent misrepresentation under La. C.C. Art. 2315. White v. Lamar Realty, Inc., 303 So.2d 598 (La.App. 2d Cir., 1974).
While there is some doubt plaintiffs have properly joined their action against the realtors with this redhibitory suit, we assume cumulation was proper in our discussion of the realtors' liability.
Defendant Hawkins Realty was engaged by plaintiffs to assist them in the purchase of the house. Before the sale this realtor had no knowledge of the defective condition of the property; hence, there could be no showing of misrepresentation or fraud.
Although an employee of defendant Presson Realty had knowledge of the previous flooding when she listed the house for sale, she never informed her employer of this condition. Moreover, she was no longer employed by Presson Realty when plaintiffs inquired about the house. Presson does not incur liability based on the knowledge of its former employee.
Plaintiffs contend Presson Realty received notice of possible high water problems from rumors that the federal government would not assist in financing loans in the area. The record shows Presson Realty made inquiry to the local office of the FHA and was satisfied these rumors were unfounded. Knowledge that homes in the immediate vicinity were being constructed with FHA assistance also negated any duty Presson Realty may have had to inquire further.
Insofar as it dismisses plaintiffs' demands against defendant Jessie Mae Beal Guice Davis, the judgment of the trial court is reversed and there is judgment in favor of James B. Davis and Patricia Davis against Jessie Mae Beal Guice Davis in the amount of $6,230 with legal interest from date of judicial demand until paid.
In all other respects the judgment is affirmed. Defendant Jessie Mae Beal Guice Davis is to pay all costs.