367 So.2d 424 (1979)
Karl Adair COX and Linda Wickard Cox, Plaintiffs-Appellees,
v.
Johnny R. MOORE, Defendant-Appellant, and
Lawton & Moore Builders, Inc., Defendant-Appellee.
No. 13771.
Court of Appeal of Louisiana, Second Circuit.
January 16, 1979.
Rehearing Denied February 28, 1979.
Writ Denied April 23, 1979.
*425 Cady & Beard by Roy L. Beard, Shreveport, for defendant-appellant, Johnny R. Moore, and defendant-appellee, Lawton & Moore Builders, Inc.
Richie & Kernaghan by C. Vernon Richie, Shreveport, for plaintiffs-appellees.
Before HALL, MARVIN and JONES, JJ.
En Banc. Rehearing Denied February 28, 1979.
MARVIN, Judge.
The defendant, who sold to plaintiffs a residence he had newly constructed, appeals a judgment awarding a reduction in the price of the house, expenses and attorney's fees to plaintiffs because the residence was susceptible to flooding. Plaintiffs answered the appeal. We amend to increase the award, and affirm.
Originally filed in redhibition, the suit was converted to an action in Quanti minoris by plaintiffs after they sold their house to the federal agency (HUD) which had insured payment of plaintiffs' loan for the purchase of the house. After the flooding dispute arose plaintiffs elected to sell to HUD to avoid a threatened foreclosure, receiving $2,167.95 less than the amount they had paid for the house about a year before. This was the amount allowed plaintiffs as a reduction in price by the lower court.
The lower court correctly found the house was susceptible to flooding at the time of the sale to plaintiffs because it was constructed on a lot in a low area of the subdivision in a natural drain. Plaintiffs' lot drained across city streets and through a city culvert. The culvert was of insufficient diameter to handle plaintiffs' drainage problem and an asphalt overlay of up to eight inches on the city streets compounded the problem. The inadequate culvert existed before defendant constructed on the lot. It was not established when the pavement was overlaid, but it was established that the flooding problem existed at the time of the sale.
Plaintiffs purchased the house in November, 1975. After heavy rainfalls between May and September, 1976, the house was flooded three different times. After the flooding commenced and upon plaintiffs' complaint, defendant attempted to avoid further problems by digging a ditch and erecting a retaining wall on the property. Shortly after these efforts were completed, the house flooded again and was vacated by plaintiffs. In December, 1976, plaintiffs sold to HUD.
In Davis v. Davis, 353 So.2d 1060 (La.App.2d Cir. 1977) and in Ford v. Broussard, 248 So.2d 629 (La.App.3d Cir. 1971), it was held that susceptibility to flooding is a redhibitory vice in a residence. Defendant *426 contends that these cases are inapplicable because in both cases the seller failed to disclose what was known to him, the fact that the house had flooded before the sale and that here, the house had not flooded before the sale, and that after plaintiffs sold to HUD the flooding problem was eliminated by the installation of a culvert of larger diameter. As long as a redhibitory vice exists at the time of the sale, the buyer is allowed the remedy of redhibition or reduction in price and notwithstanding the curability of the defect. CC Arts. 2530, 2520. Curability may affect the amount of the damages and expenses under CC 2545 but not the right to claim such damages and expenses. See Prince v. Paretti Pontiac Company, Inc., 281 So.2d 112 (La.1973); Ticheli v. Silmon, 304 So.2d 792; 49 Tu.L. Rev. 484 (La.App.2d Cir. 1974); Burns v. Lamar-Lane Chevrolet, Inc., 354 So.2d 620 (La.App.1st Cir. 1977). Defendant is not benefitted by CC Art. 2531. He is a Manufacturer (See Schamens, infra) and not a mere seller. Burns, supra. Article 2531 requires restoration of the purchase price even if the seller is unable to repair.
Defendant also contends he was powerless to direct the City's handling of the drainage problem away from the subdivision. Redhibition is not so much directed toward who is at fault in causing the vice to exist but is directed toward the warranty of the seller against vices in the thing sold. Hob's Refrigeration & Air Conditioning, Inc. v. Poche, 304 So.2d 326 (La.1974).
Defendant was a builder in one capacity or another in this subdivision for several years. A vendor-builder of a residence is a manufacturer who cannot avoid the conclusively presumptive knowledge of defects in the thing he manufactures. Schamens v. Crow, 326 So.2d 621 (La. App.2d Cir. 1975). That the house was below a small hill and that the drainage culvert a block or so away from the house was inadequate did not make the house's susceptibility to flooding clearly evident to plaintiff's inexperienced eyes or discoverable by simple inspection under CC 2521. See Davis, supra.
Defendant is liable for damages, expenses and attorney's fees. CC 2545. In answer to defendant's appeal, plaintiffs seek an increase in the award. Plaintiffs sold the house to HUD without warranty. HUD, some three months later, sold the house without warranty to the highest bidder on open bid for about $6,000 less than plaintiffs originally paid for it. After expending some $800 to replace carpet and repair other flood damage the bidder sold the house with warranty ten months after the purchase from HUD for about $10,000 more than was paid HUD. We find no abuse of discretion in the determination of the reduction award. The record also supports the award made for sums expended by plaintiffs in improvements to their home (yard and patio) and for carpet cleaning after the flooding. The lower court failed to allow, however, the expenses plaintiffs incurred for moving into and out of the house ($146) and for the cost of removing a fence ($165). The object of the provisions governing redhibitory vices is to restore the purchaser, as much as possible, to the condition he enjoyed prior to the sale. Alexander v. Burroughs Corp., 359 So.2d 607 (La. 1978). On this authority we allow these items as damages and expenses under CC 2545.
Alexander is also authority for the lower court's disallowing as damages and expense, nine mortgage payments, totaling $2,012, made by plaintiffs during the time they occupied the house. The principal payments were taken into account in computing the reduction in price. A purchaser's use of the thing with a redhibitory vice may be allowed as a credit in appropriate circumstances. Alexander, supra, at pp. 610-612. The award of attorney's fees was based on time expended and not on the amount of the award and was within the lower court's discretion. We amend to increase the award by $500 for the time expended by the attorney after the trial below.
Accordingly, judgment is amended to increase the amount awarded from $2,943.87 *427 to $3,254.87 and to allow legal interest on the increased amount from the date defendant was put in default, September 23, 1976. Alexander, supra. Judgment is also amended to increase attorney's fees from $2,500 to $3,000, with legal interest from judicial demand.
As thus amended, and at defendant's cost, judgment is affirmed.