392 So.2d 177 (1980)
Denny Fred SMITH and Barbara Hamm Smith, Plaintiffs-Appellants,
v.
Robert S. KENNEDY and Katie Sanford Kennedy, Defendants-Appellees.
No. 14349.
Court of Appeal of Louisiana, Second Circuit.
December 2, 1980.
Paul Henry Kidd, Monroe, for plaintiffs-appellants.
Theus, Grisham, Davis & Leigh by Brian E. Crawford and J. Bachman Lee, Monroe, for defendants-appellees.
Before PRICE, HALL and MARVIN, JJ.
MARVIN, Judge.
In this redhibitory action, the purchasers of a residence appeal the rejection of their demands founded upon the residence's being flood-prone or susceptible to flooding. Davis v. Davis, 353 So.2d 1060 (La.App. 2d Cir. 1977), writ refused. Defendants had earlier purchased the residence as their home. We affirm.
A house's susceptibility to flooding is a redhibitory defect. Davis, supra; Ford v. Broussard, 248 So.2d 629 (La.App. 3d Cir. 1971); Cox v. Moore, 367 So.2d 424 (La.App. 2d Cir. 1979), writ denied. The trial court here, however, found that the 1975 flooding, three years before the sale, resulted from an extraordinary six inch rainfall in a short time when "hundreds of residences and businesses in [the] general area were inundated" and that the 1978 flooding, a few weeks after the sale, was a disaster, which resulted from an even more extraordinary *178 9" -11" rainfall in a six-hour period, when "thousands of homes and businesses in substantial areas of Monroe and West Monroe were inundated."
Witnesses called the 1975 rain a "once-in-75-years" occurrence and the 1978 rain a "once-in-200-or-500-years" occurrence.
Each party conducted negotiations through respective real estate agents. The sellers' agent said the subject of flooding did not arise and that he did not mention the 1975 flooding because it was a most unusual occurrence. The buyers' agent testified that she had heard of the 1975 flooding but that she did not know of any history of flooding of this particular house. The buyers' agent denied that the buyers asked her to seek information about such a history.
The trial court found that the sellers did not suppress facts, mislead, or entrap the buyers by failing to declare what a seller is legally required to declare. The trial court held that extraordinary rainfall, or unusual flooding, in 1975 did not create a duty on the part of the sellers to declare that flooding as a redhibitory defect.
We agree. The redhibitory defect is not the fact of flooding under extraordinary rainfall, but the susceptibility to flooding.
Susceptibility, as we used and understood that term in Davis, was used in the sense of propensity, proneness, or predisposition. It is possible, of course, that any home will flood under extraordinary rainfall. This is evident by the testimony that hundreds or thousands of homes in a widespread area flooded in the extraordinary rainfalls in 1975 and 1978 around Monroe.
One of the buyers' experts agreed that rainfalls of 100-year occurrence probably should not be used to determine susceptibility of flooding even though some authorities had placed the area surrounding the buyers' home in a "flood zone".
In determining susceptibility to flooding, each circumstance of the particular case must be considered in relation to all other circumstances. Extraordinary rainfall may occur every few decades, but this circumstance, as it affects a particular house or subdivision, must be viewed likewise in comparison with its effect on a more widespread area. Whether a residence is susceptible of flooding will be determined by the peculiar circumstances of each case and not solely by the fact of flooding.
For reasons assigned below and summarized here, and at appellants' cost, judgment is AFFIRMED.