GARRISON, Judge.
This is an appeal from a judgment of the district court granting a motion for summary judgment and dismissing plaintiffs’ action at their costs. From that judgment, which we affirm, plaintiffs appeal.
Dr. and Mrs. Arthur Strauss arrived in New Orleans on or about June 5, 1979. From June, 1979 through May, 1980 they resided at 2324 Short Street. On April 6, 1980, they signed an agreement to purchase the real estate and improvements at 2227— 2229 S. Gayoso Street in New Orleans. The owner-seller was Clarence W. Redburn, who was represented by Audubon Brokers, Inc., specifically Mrs. Maury Toledano. The Strausses were represented by Mrs. Nancy Pomiechowski of Latter & Blum, Inc.
On April 13, 1980, during a heavy rainfall, the property flooded. Due to the flooding, plaintiffs no longer wished to purchase the property. It is stated by both sides that the seller returned plaintiffs’ deposit and both brokers waived their respective commissions.
On January 28, 1981, plaintiffs filed this suit seeking “damages for moving, legal fees, and other items in excess of $4,000.00.” The petition further alleged violation of the Unfair and Deceptive Trade Practices Act and violation of R.S. 37:1455(A)(32), causes for suspension or revocation of licenses issued by the Louisiana Real Estate Commission.
The issue before this court is whether the trial judge properly granted a motion for summary judgment.
Article 966 of the Code of Civil Procedure provides as follows:
*10 “The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff’s motion may be made at any time after the answer has been filed. The defendant’s motion may be made at any time.
“The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law." (Emphasis added)
In the instant appeal it is undisputed that both agents had no knowledge of the susceptibility to flooding of the land and structure in question. Under R.S. 37:1455 and 51:1405 a real estate agent/broker is required to disclose a “known defect.” The alleged defect in the instant appeal was undisputedly unknown to Mrs. Pomiechow-ski and Mrs. Toledano.
This court declines to reach the issue of whether the April 13 flooding was a “defect” in this specific property. We take judicial notice of the fact that on April 13, 1980, the entire City of New Orleans was flooded. See also: Smith v. Kennedy, 392 So.2d 177 (La.App. 2d Cir.1980); and Guidry v. Barras, 368 So.2d 1129 (La.App. 3rd Cir.1979).
Accordingly, we conclude, as did the trial judge, that there exists no genuine issue of material fact and that defendants were entitled to judgment as a matter of law.
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.
SCHOTT, J., concurs.