WATKINS, Judge.
These are two cases which were consolidated for purposes of trial and appeal. In No. 82 CA 0844 Mrs. Lucille L. Nicholson sued Vernon L. Ellerbe, III and Johnette R. Ellerbe, for reduction of the purchase price for redhibitory defects in buildings situated on four lots purchased by Mrs. Nicholson from Mr. Ellerbe, of which Mr. Ellerbe was both seller and builder. In No. 82 CA 0845, Vernon L. Ellerbe sued Mrs. Nicholson on two notes, each in the amount of $10,000, which were secured by a mortgage on two of the above-mentioned lots purchased by Mrs. Nicholson from Mr. Ellerbe. The basis for the action brought by Mrs. Nicholson in quanti minoris was (1) that the property had flooded and (2) the improvements on the property had construction defects. The trial court rendered judgment in favor of Vernon L. Ellerbe, III and Johnette R. El-lerbe and against Mrs. Nicholson in the sum of $20,000.00 on the notes, but did not award attorney’s fees. In the action in quanti minoris, the trial court awarded judgment for construction defects in the sum of $5,878.00 against Vernon L. Ellerbe III and his wife, Johnette R. Ellerbe, plus $1,500.00 attorney’s fees, and in written reasons, stated it was denying Mrs. Nicholson’s claim for reduction of the purchase price for flooding. From the judgment, both Mrs. Nicholson and the Ellerbes appealed.
At the trial, Mrs. Nicholson conceded that she was obligated to pay the $20,000. on the notes, which were each in the amount of $10,000. and provided for 25% attorney’s fees. The trial court, as we have stated, declined to award attorney’s fees. The El-lerbes contend that they are entitled to 25% attorney’s fees, and that the $5,878. awarded in quanti minoris should have been deducted from the $20,000. judgment on the notes, the legal rate of interest being 12% per annum while the interest on the notes was 6% per annum.
The Ellerbes did not appeal the judgment in quanti minoris for construction defects, but contend the trial court properly denied reduction for flooding, while Mrs. Nicholson contends she is entitled to reduction of the purchase price for flooding.
Thus, there are three basic issues on appeal which concern the correctness of the ruling of the trial court in (1) denying reduction of the purchase price for flooding, (2) refusing to award attorney’s fees to the Ellerbes, and (3) failing to offset the amounts awarded.
On February 1, 1978, Mrs. Nicholson purchased Lot No. 27 in Monterrey Park Subdivision, East Baton Rouge Parish for $54,-000. from Vernon L. Ellerbe, III and by separate act of sale executed the same day *1148 purchased Lot No. 32 in the same subdivision for $120,000. from Mr. Ellerbe. In connection with the two sales, Mrs. Nicholson executed two collateral mortgages for $10,000. each, the mortgage notes being the notes herein sued upon. Lot No. 27 cntained a duplex, and Lot No. 32 contained both a duplex and a triplex. All improvements had been constructed by Mr. Ellerbe, who was a builder. On March 1,1978, Mrs. Nicholson purchased Lot No. 78 for $58,000. and Lot No. 85 for $59,000. Each of these lots contained a duplex constructed by Mr. Ellerbe.
The buildings on each of the four lots had construction defects for which the trial court held the Ellerbes accountable in quan-ti minoris. The trial court awarded the following sums in quanti minoris to Mrs. Nicholson for construction defects:
Lot No. 27 $ 790.00
Lot No. 32 1,698.00
Lot No. 78 2,510.00
Lot No. 85 880.00
Total $5,878.00
The Ellerbes do not contest the awarding of this sum by the trial court in their argument on appeal.
On April 22-23, 1979, the entire subdivision flooded. The waters rose into the buildings on Lot No. 32, but not on Lot No. 27, although the land there was flooded. It is because of this flooding that Mrs. Nicholson seeks additional sums in quanti minoris.
The negotiations leading up to the purchase of the four properties by Mrs. Nicholson were conducted for Mrs. Nicholson by her son, Douglas Nicholson, an attorney of Baton Rouge. Located in Monterrey Park Subdivision was Hurricane Creek, a major stream, which Douglas Nicholson knew at the time the negotiations were conducted was prone to flood. Nicholson further knew the entire subdivision had flooded in April 1977, of his personal knowledge, and in addition was fully apprised of the fact by Mr. Ellerbe in the course of the negotiations leading up to the sale.
It was held by the Second Circuit in Cox v. Moore, 367 So.2d 424 (La.App. 2d Cir.1979), writ denied 369 So.2d 1364 (1979), that a buyer can claim susceptibility to flooding as a basis for an action in quanti minoris against a builder who also sold him the property. However, that case differs from the present one in that in Cox the buyer was not aware of the susceptibility to flooding, and also that in Cox the builder failed to apprise the buyer of the likelihood the property would flood. In the present case, Douglas Nicholson, who negotiated the sale for Mrs. Nicholson, knew of the susceptibility of the property to flooding, and further, was fully and honestly informed of this fact by the seller-builder, Mr. Ellerbe. We cannot see that Mrs. Nicholson has any complaint. Under LSA-C.C. art. 2521, an apparent defect, such as the buyer could have discovered by simple inspection, is not a redhibitory vice. Here, not only was the vice, viz. the tendency to flood, discoverable by simple inspection, it was even known to the buyer and acknowledged by the seller before the property was purchased.
The trial court pursued this line of reasoning as to Lot No. 32 but denied recovery as to Lot No. 27, not because the redhibi-tory defect was not apparent, but solely because damages had not been proven. The trial court was of the view that an action for reduction of the purchase price would have had merit as to Lot No. 27 had damages been proven because Mr. Ellerbe had constructed the slab for the duplex below the 48.6' flood plain level shown on the building permit. It is quite true that Joe E. McMorris, who had charge of building permits for single residences and duplexes, testified that while at the time the building permit was issued flood plain elevations were purely advisory, he himself would not have laid the top of a slab for a building below the flood plain level. However, Douglas Nicholson knew Lot No. 27 as well as Lot No. 32 had a tendency to flood, and the negligence of the builder in laying the slab does not overcome the risk subsequently taken with full knowledge by Mrs. Nicholson in purchasing the property, as Douglas Nicholson was fully informed of the flood danger by Mr. Ellerbe. Furthermore, the building Mr. Ellerbe had constructed on Lot No. 27 did not flood in the April 1979 *1149 flood. Thus, Mrs. Nicholson had no complaint.
We, therefore, hold the trial court properly denied reduction in the purchase price for susceptibility to flooding.
Under the holding of the Louisiana Supreme Court in Maloney v. Oak Builders, Inc., 256 La. 85, 235 So.2d 386 (La.1970), a provision for attorney’s fees in a contract constitutes a provision for liquidated damages, and the sum awarded is determined by the contract, not by the expenses actually incurred. However, we are cited to no authority by the Ellerbes that would require an award of stipulated attorney’s fees when the obligors have made an honest attempt to pay the debt. By supplemental petition filed in No. 82 CA 0844 on July 3, 1979, Mrs. Nicholson in the alternative sought to obtain an order requiring her to deposit the amount due on the notes, including principal and interest, into the registry of court when these sums became due (February 1, 1980). This was in connection with a suit to rescind the sales. This offer was never withdrawn but was met with a separate suit (No. 82 CA 0845) filed by Vernon L. Ellerbe III on July 16, 1979, to obtain a judgment on the notes with recognition of the mortgages.
Because Mrs. Nicholson made an offer to discharge the notes, we consider it would be unjust to award attorney’s fees for their collection. Accordingly, we affirm the action of the trial court in denying Mr. El-lerbe attorney’s fees.
However, we find the sum awarded Mrs. Nicholson in quanti minoris for the construction defects found in the improvements in Lots No. 27 and 32 ($2,488.) should have been offset against the sum awarded Mr. Ellerbe on the two notes given in partial payment for those lots, which were each in the amount of $10,000. If a judgment on notes given in payment of all or part of the purchase price is met with an award in the same or a related suit in quanti minoris in favor of the purchaser involving the same payment, the effect of the judgment in quanti minoris is to reduce the obligation on the notes, and not to create a separate debt. Thus, a single judgment is to be rendered, in which the sum awarded in quanti minoris is subtracted from the sum awarded on the notes. See Newell v. Lanier, Inc., 336 So.2d 534 (La.App. 1st Cir.1976). Hence, judgment must be rendered in the present suit in the amount of $20,000. less $2,488., or in the sum of $17,512. in favor of Mr. Ellerbe.
The judgment of the trial court is therefore vacated, and judgment rendered as follows:
(1) In favor of Vernon L. Ellerbe III[1] and against Mrs. Lucille L. Nicholson in the full sum of $17,512., with interest at the rate of 6% per annum from February 1, 1978, until paid.
(2) In favor of Mrs. Lucille L. Nicholson and against Vernon L. Ellerbe III in the full sum of $3,390., for construction defects on Lots No. 78 and 85, with legal interest from date of judicial demand.
(3) In favor of Mrs. Lucille L. Nicholson and against Vernon L. Ellerbe III for attorney’s fees in the sum of $1,500.
(4) Costs, including expert witness fees are taxed equally against Vernon L. Ellerbe III and Mrs. Lucille L. Nicholson, each of the two being equally at fault in the present litigation.
VACATED AND RENDERED.

. The record reveals that although the judgment of the trial court is rendered in favor of both Vernon L. Ellerbe III and Johnette Ellerbe on the notes, only Vernon L. Ellerbe III sued Mrs. Nicholson on the notes, although Mrs. Nicholson sued Vernon L. Ellerbe III and Joh-nette Ellerbe in quanti minoris. The record does not indicate that Johnette Ellerbe should be held liable in quanti minoris. Hence, it is possible to offset the sum due in quanti minoris against the sum due on the notes, there being identity of the parties.