CARAWAY, J.
11 This dispute involves plaintiffs purchase of a residential lot and new home. Before the sale was closed, the builder acknowledged its responsibility for a drainage problem affecting the backyard area of the lot. After the sale, when the problem persisted and this action was brought, the builder asserted that the plaintiff is without legal remedy because Louisiana’s New Home Warranty Act does not provide the new home buyer with a warranty for lot drainage. The trial court rejected that argument and awarded plaintiff the costs of correcting the drainage and attorney fees. The builder appeals, and for the following reasons, we affirm.

Facts

This case arises from an alleged drainage problem with a residential lot sold with a new home built by the defendant, Robinson Construction, LLC (hereinafter “Robinson”), for the plaintiff, Debbie Shepard (hereinafter “Shepard”). Shepard noticed, prior to closing, that water would pool in the backyard of the property after periods of rain. Shepard notified Robinson, who added the drainage issue to the “punch list” of items to remedy before completion of the sale. The punch list stated that Robinson would “fill in hole by driveway/backyard low water lays there when it rains.”
The closing was completed on May 7, 2009. However, the drainage issue had not been sufficiently addressed. At closing, Robinson assured Shepard that the problem was caused by ineffective grading and that the problem would be fixed. Shepard moved into the home but alleges that the responsiveness of Robinson became increasingly slower. After a period of ^months, Robinson eventually installed three underground pipes as part of a drainage system to address the problem. Shepard alleges that these pipes made the problem worse. Subsequently, Shepard made written demand upon Robinson to remedy the problem. This demand was not .addressed, and Shepard filed suit on May 5, 2010.
Robinson filed a peremptory exception of no cause of action, arguing that any claim Shepard may have against Robinson is covered under the New Home Warranty Act (“NHWA”), La. R.S. 9:3141 et seq., as *390 it provides the exclusive remedy between a builder and an owner relative to home construction. Shepard filed an amended petition claiming a right of action under NHWA. On July 10, 2010, the trial court granted the peremptory exception insofar as it related to any claims Shepard asserted in redhibition.
The trial featured expert witnesses from both parties. Shepard’s expert, Brian Smith, a professional engineer and expert in the fields of drainage and grading, testified that at least 75% of the lot was not graded in accordance with applicable building codes. Smith also testified that there were cracks in the bricks on the exterior of the home, and he attributed those cracks to inadequate drainage. Additionally, the defective drainage could lead to future structural and foundation problems if not addressed and corrected. On cross-examination, when asked whether he had any knowledge of any actual foundation damage as opposed to potential problems or concerns, Smith replied that he did not. He agreed that there were concerns only about the foundation for the future. Robinson’s expert, | ..¡Donald Durr, acknowledged the existence of the problem. Durr testified that he would suggest a slightly different solution than the one proposed by Smith, but Durr also agreed that there could be future structural and foundation issues with the home if the drainage was not adequately corrected.
At trial, Shepard convinced the court that Robinson failed to meet the original grading and draining ■ requirements and that the subsequent attempts to repair the problem were insufficient to satisfy building codes and performance standards. Shepard’s estimate from a third party of the costs to repair the drainage problem totaled $15,269, which became the court’s award for damages.
The trial court issued written reasons, explaining that Robinson’s failure to comply with building standards, with regard to grading and drainage, constituted a defect covered by NHWA. Although there were no existing physical damages to the home, the trial court acknowledged that the grading of the yard is a building standard distinct from landscaping, which is excluded under NHWA. The work required to remedy the problem included removing the existing drain work, removing the fence in the backyard to regrade, regrading the front and backyards, replacing the irrigation after the grading, and re-laying sod in both the front and backyard. Additionally, the trial court awarded $20,373.75 to Shepard in attorney fees. Robinson appeals the judgment.

New Home Warranty Act

Robinson’s defense rests on its statutory reading of NHWA. From |4the act’s definition of “home,” its exclusion for certain improvements beyond the home itself under Section 3144(B)(1), and its suggested requirement for damage to the home from “the grading of the ground” by the builder, Robinson asserts that the drainage problem with this residential lot is not covered by the builder’s warranty under the act.
The pertinent provisions and definitions for NHWA are as follows:
Section 3143:
(3) “Home” means any new structure designed and used only for residential use, together with all attached and unattached structures, constructed by the builder whether or not the land was purchased from the builder. Such term includes structures containing multiple family dwellings or residences.
Section 3144:
B. Unless the parties otherwise agree in writing, the builder’s warranty shall exclude the following items:
*391 (1) Fences, landscaping, including but not limited to sodding, seeding, shrubs, existing and new trees, and plants, as well as off-site improvements, all driveways and walkways, or any other improvement not a part of the home itself.
(4) Any damage to the extent it is caused or made worse by any of the following:
(d) Any change of the grading of the ground by anyone other than the builder, or any employee, agent, or subcontractor of the builder.
(8) Loss or damage which does not constitute a defect in the construction of the home by the builder, or any employee, agent, or subcontractor of the builder.
(13) Any condition which does not result in actual physical damage to the home.
Section 3149:
A. If a builder violates this Chapter by failing to perform as required by the warranties provided in this Chapter, any Laffected owner shall have a cause of action against the builder for actual damages, including attorney fees and court costs, arising out of the violation. The damages with respect to a single defect shall not exceed the reasonable cost of repair or replacement necessary to cure the defect, and damages with respect to all defects in the home shall not exceed the original purchase price of the home.

Discussion

Robinson’s principal argument is that a NHWA claim must involve improvements to the home itself constructed by the builder. Since defects and damages to . the home must be proven to demonstrate liability under NHWA, Shepard’s claim for backyard drainage damages is not covered by NHWA, according to Robinson. The argument, however, cannot simply stop there. Does this alleged limited scope of NHWA mean that Shepard’s purchase of the home and residential lot had no warranty or contractual protection for this water drainage problem affecting the sale of the property? If so, Shepard and Robinson’s contractual intentions embodied in the final punch list agreement concerning the water problem were unenforceable, without remedy according to Robinson.
From our reading of NHWA and, in particular, its discussion of the scope of its remedies in La. R.S. 9:3150 we find that this fact dispute over the lot’s drainage is not without remedy in our law. The legal remedy which we believe addresses this dispute is the law of redhibition. Accordingly, we must first review the trial court’s conclusion regarding redhibition, and the effect of its partial no cause of action ruling.
The trial court’s ruling on Robinson’s exception of no cause of action | ^effectively eliminated its consideration of the law of redhibition as a remedy for the water problem with this residential lot. It was a grant of a partial exception of no cause of action. Nevertheless, the partial judgment and ruling on this question of law remained viable for review in this appeal since neither party sought certification of the judgment for appeal pursuant to La. C.C.P. art. 1915(B). Importantly, under Louisiana’s fact pleading system, the central disputed issue of fact presented by Shepard’s pleadings involved the water drainage problem affecting the residential lot. Those facts were contested at trial, with Robinson’s defense fairly presented regardless of which theory of law was considered applicable. As an appellate court, we review the judgment, not the trial court’s reasons or rationale for judgment. Wooley v. Lucksinger, 09-0571 (La.4/1/11), 61 So.3d 507. This judgment awarding *392 damages for the water problem and attorney fees may be affirmed under the law of redhibition.
In the Civil Code’s definition for redhibition in the law of sale, the last paragraph of Article 2520 provides as follows:
A defect is redhibitory also when, without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price. The existence of such a defect limits the right of a buyer to a reduction of the price.
La. C.C. art. 2520.
The proper measure of damages in an action for reduction is the difference between the actual sales price and the price a reasonable buyer and seller would have agreed upon, if they had known of the defect. The cost of repairing a redhi-bitory defect is a principal consideration in ^determining the extent to which the purchase price should be reduced based on such defects. The burden of establishing the amount of any reduction in the purchase price to which the buyer is entitled is upon the buyer. The trier of fact has much discretion to assess the amount of recovery in reduction cases, and its award will not be modified in the absence of clear abuse of that discretion. Osborne v. Ladner, 96-0863 (La.App. 1st Cir.2/14/97), 691 So.2d 1245; Kent v. Cobb, 35,663 (La.App.2d Cir.3/8/02), 811 So.2d 1206, writ denied, 02-1011 (La.6/7/02), 818 So.2d 772. The liability of the seller who knows of the redhibitory defect includes reasonable attorney fees. La. C.C. art. 2545.
Prior to the enactment of NHWA, this court applied the law of redhibition and awarded the purchaser damages and attorney fees in a drainage dispute associated with the sale of a residence. Cox v. Moore, 367 So.2d 424 (La.App. 2d Cir. 1979), writ denied, 369 So.2d 1364 (La.1979). The builder was found to have constructed the new home in a natural drain area of the subdivision resulting in flooding to the home. The redhibitory vice addressed in Moore, therefore, concerned the fitness of the residential lot itself and its intended purpose to facilitate residential use of the immovable. The builder’s construction activities for the new home structure were not in question.
We, therefore, find that a drainage vice pertaining to the condition of a residential lot in a home sale historically falls within the purview of the law of redhibition. Nevertheless, we must construe any effect after 1986 which NHWA, particularly Section 3150, may have on the law of | ¡^redhibition. Is the act in conflict with the application of redhibition in this instance or was it intended to bar redhibi-tory claims regarding this aspect of the builder’s sale of the property?
Robinson discussed in its brief Section 3144(B)(1), which excludes from NHWA warranty the landscaping, fencing and other improvements not a part of the home itself. La. R.S. 9:3144(B)(1). This list of excluded items concerns building material or plants used beyond the structure of the home and involves specific construction or gardening skills of the builder. This exclusion from NHWA coverage should not be broadly read. We do not find that a drainage problem with a residential lot is included within this exclusion, which would arguably bring our application of the law of redhibition in conflict with NHWA.
Section 3150 is the only section of NHWA that mentions redhibition. It provides:
This Chapter provides the exclusive remedies, warranties, and peremptive periods as between builder and owner relative to home construction and no other provisions of law relative to war *393 ranties and redhibitory vices and defects shall apply. Nothing herein shall be construed as affecting or limiting any warranty of title to land or improvements.
La. R.S. 9:3150.
For statutory construction, “[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.” La. C.C. art. 9. There is a presumption that the legislature acted with deliberation and enacted the statute in light of the preceding statutes on the same subject matter. Detillier v. Kenner Regional Medical Ctr., 03-3259 (La.7/6/04), 877 So.2d 100; City of Minden v. McDaniel, 41,370 (La.App.2d Cir.12/20/06), 945 So.2d 955, writ denied, 07-0369 (La.4/5/07), 954 So.2d 141. Laws on the same subject matter must be interpreted in reference to each other. La. C.C. art. 13; Detillier, supra. This means that courts interpreting a statute must construe it so as to harmonize and reconcile it with other provisions on the same subject matter. Louisiana Municipal Assoc, v. State, 04-0227 (La.1/19/05), 893 So.2d 809.
From our review of the first sentence of Section 3150, its clear language makes NHWA remedies and warranties exclusive “relative to home construction.” “Home,” of course, is a defined term in the act that does not include a drainage problem with the residential lot. The second portion of the compound sentence then reiterates that the exclusivity of NHWA bars remedies under the law of redhibition for vices “relative to home construction.” NHWA clearly addresses aspects of the sale of a new home previously protected by the law of redhibition. Yet, to the extent that the lot’s drainage problem does not fall directly under NHWA “relative to home construction,” we find that Section 3150 does not prevent the redhibition remedy in this case.
Accordingly, we reject Robinson’s argument that NHWA eliminates any remedy to the home buyer in this case for the drainage issue recognized by the trial court. We find that this defect in the residential lot is covered by the law of redhibition. Moore, supra.
Next, Robinson argues that the trial court was manifestly in error in not finding that the drainage problem primarily resulted after the sale due to [inthe construction of the neighboring houses which impeded the drainage of water along the sides of Shepard’s house to the street.
After Shepard moved into the home and after multiple requests, Robinson attempted to resolve the drainage issue by removing part of a swale that had been dug in the backyard. Robinson installed the three underground pipes, but the efforts were in vain. After the first swale was dug, homes on the adjacent lots to Shepard’s were constructed, and because the lots were built up, they drained into Shepard’s yard, filling and overflowing her swa-le each time there was rainfall. Robinson then removed part of the swale and deepened the drain, but Shepard complained about the aesthetics of the new swale, calling it a “country ditch.”
Shepard testified that the yard never properly drained, before or after the neighboring homes were completed. When the home was purchased, water pooled in the backyard. After the drains were installed, the problem got worse. And when the houses on either side of her lot were completed, the large ditch dug by Robinson was both an eyesore and an ineffective attempt to properly drain the yard.
At trial, the expert, Smith, concluded that the entire backyard needed to be *394 regraded, an underground drainage system needed to be installed, and the drainage system in the side yard should be removed. Although Durr suggested a slightly different solution, he still recognized that there was an issue with the drainage that would need to be resolved.
The history of the property and the parties’ differing views presented a fact-intensive conflict for the trier-of-fact. Where the fact-finder’s |,, determination is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous. This rule applies equally to the evaluation of expert testimony, including the evaluation and resolution of conflicts in expert testimony. Bellard v. American Central Ins. Co., 07-1335 (La.4/18/08), 980 So.2d 654, 672.
We find no fact issue regarding the existence of the problem of drainage at the time of the sale. Beyond that point in time, the trial court weighed the involvement of the neighboring tract owners’ development of their property. Its conclusion that those owners did not cause or exacerbate the problem is not clearly wrong. Any substantial acts of those parties in altering the drain could have made them necessary parties to this action Likewise, the trial court’s choice of the opinion and recommendation of Brian Smith was not error. We, therefore, do not find manifest error by the trial court.
Finally, Robinson asserts that, to the extent attorney fees are allowable in this case, the amount of $20,373.75 awarded by the trial court is excessive. Robinson disputes the time spent by Shepard’s attorney dealing with the issue of redhibition addressed by the partial exception of no cause of action and the amendment to the pleadings. As we have now found that defense exercise in error, Robinson’s legal fees associated with that issue will not be excluded. Nevertheless, we do find that the trial court’s award in this case will suffice for the action, including appeal, and no further attorney fees will be added by this court.

_J_i2Conclusion

For the reasons set forth above, the trial court’s judgment is affirmed. Costs of appeal are assessed to appellant.
AFFIRMED.
APPLICATION FOR REHEARING
Before BROWN, STEWART, CARAWAY and MOORE and LOLLEY, JJ.
Rehearing denied.