509 So.2d 798 (1987)
Victor A. NAPOLI and Frances Montgomery Napoli
v.
Durward GULLY, et al.
No. CA 86 0625.
Court of Appeal of Louisiana, First Circuit.
June 23, 1987.
Writ Denied October 2, 1987.
Ralph Brewer, Baton Rouge, for plaintiffs-appellees Victor A. Napoli, Frances Montgomery Napoli.
Lee Herrington, Michael Rubin, William Downing, Baton Rouge, for defendants-appellants Durward Gully, Norma Castilaw Gully, Kenneth C. Owens and Barbara Gully Owens.
William C. Shockey, Baton Rouge, for third party defendant-appellee Jerry Piper.
*799 Before LOTTINGER, SHORTESS and CARTER, JJ.
LOTTINGER, Judge.
This is a suit in redhibition to rescind a sale of immovable property. Plaintiffs, Victor A. Napoli and his wife Frances Montgomery Napoli, sued Durward Gully, Norma Castilaw Gully, Kenneth C. Owens, and Barbara Gully Owens (Gully) to rescind their purchase of Lot 102 in Walden Subdivision of East Baton Rouge Parish. Gully filed a third party demand against Jerry Piper, the real estate agent representing the plaintiffs in the act of sale. From a judgment in favor of plaintiffs rescinding the sale as well as awarding attorney fees and interest and dismissing the third party demand, Gully has appealed.

FACTS
Plaintiffs contracted with a real estate agent, Jerry Piper, to locate a particular piece of property and to negotiate the selling price for the express purpose of acquiring a homesite. Lot 102 of Walden Subdivision was purchased by plaintiffs from Gully in January, 1983, for $50,500.00. In March, 1983, plaintiffs were for the first time informed that Lot 102 was in a U.S. Army Corps of Engineers designated "one hundred year flood plain." To construct a house on the lot it is necessary that the ground floor be 30 inches above the then existing grade of the lot.
Plaintiffs contend that Gully failed to disclose the fact that the lot was in a flood plain, that Gully knew that if such knowledge was made known to plaintiffs that plaintiffs would not buy the lot, that the location of Lot 102 in a "one hundred year flood plain" was a hidden vice or defect in the property, and that plaintiffs would not have purchased the lot had they known of the vice.
In filing the third party demand against Jerry Piper, Gully contends that Piper breached his duty to inquire and investigate the location of Lot 102 in reference to the flood plain or to disclose to plaintiffs that Lot 102 was in a flood plain.

TRIAL COURT
In rescinding the sale, the trial judge concluded that the location of Lot 102 in a "one hundred year flood plain" rendered the lot so inconvenient and imperfect that it must be supposed that a buyer would not have purchased same if he would have known of the vice. The trial judge then concluded that plaintiffs would not have purchased Lot 102 if they would have known that it was in a flood plain.

I
In appealing, defendants allege numerous assignments of error. However, because of the conclusion we reach, we pretermit discussion of these various assignments of error.

II
La.Code Civ. art. 2520 provides:

Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.
The test to determine whether a vice or defect is sufficient to set aside a sale is clearly expressed by article 2520. The "vice or defect" must render the thing either (1) absolutely useless, or (2) so inconvenient and imperfect, that under either situation it must be supposed a "buyer would not have purchased it, had he known of the vice."
The test to be applied is one of reasonableness or "reasonable man." It is of no moment that the plaintiff buyer who files suit to rescind a sale testifies that he would not have purchased the thing if he would have known of the vice. Obviously, if a buyer files suit to rescind the sale, he would not have purchased the thing had he known of the vice. The test is not what a plaintiff-buyer would have done, but what a "reasonable man" would have done under like circumstances.

*800 III
The requirement of elevating the ground floor 30 inches above the grade of the lot could be accomplished in a variety of ways. The lot could be filled with dirt to a sufficient elevation so that in conjunction with the normal height of the slab the requirement would have been met. Another solution would be to elevate the slab without filling in the lot. Additionally, the house could be constructed off the ground, thus elevating the ground floor to meet the requirements. We do not find that any of these suggested solutions are so inconvenient or imperfect so as to cause a "reasonable man" to refuse to purchase this lot. Thus, we conclude that the trial judge erred in finding a redhibitory defect and in rescinding the sale.
We are bolstered in the conclusion that Lot 102 did not contain a redhibitory defect by Smith v. Kennedy, 392 So.2d 177 (La. App. 2d Cir.1980). In Smith, our brethren on the Second Circuit held that a house which flooded because of a "once in 75-years" rain is not redhibitorily defective. Thus, a house which might flood once in a hundred years certainly is not.

DECREE
Therefore, for the above and foregoing reasons, the judgment of the trial court insofar as it dismissed the third party demand is affirmed and in all other respects the judgment is reversed. There is now judgment dismissing plaintiffs' suit. All costs in both the trial court and in this court are assessed against plaintiffs.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
SHORTESS, J., concurs in the result only.