EDWARDS, Judge.
From an adverse judgment in the Nineteenth Judicial District Court, the plaintiffs have appealed.
Plaintiff, Cimmaron Homeowners Association, Inc., is the corporation formed to represent individual homeowners within Cimmaron subdivision. Additional plaintiffs are the homeowners individually. Defendants originally named are Cimmaron, Inc., the developer corporation; Wiggins and Associates, the engineering company which prepared the subdivision and drew up the plans and specifications; and the City-Parish government of East Baton Rouge, which was in charge of approving plans for the development of subdivisions in East Baton Rouge Parish.
FACTS
Mr. Eugene Rogillio, Jr., is a land developer. In 1977, Mr. Rogillio was in the business of purchasing raw land and developing subdivision lots for sale to contractors who built homes for resale to the public. In pursuit of his business interest, Mr. Rogillio formed a corporation, Cimmar-on, Inc., for the purposes of developing a tract of unimproved land into Cimmaron Subdivision. The corporation bought the land and contracted with Wiggins and Associates to do all necessary engineering work to bring the land into subdivision status. Wiggins and Associates drew plans and supervised the work of the contractor, C.F. Morgan Contractor, Inc., in the construction of the streets, drainage, and sewage facilities. Additionally, Wiggins and Associates prepared the necessary paperwork and plats to secure permits from the City-Parish of East Baton Rouge. All of the plats and paperwork necessary to acquire permits were submitted in accordance with then existing ordinances. These plats included information disclosing that the proposed lots were in a flood plain. In 1978, lots in Cimmaron were placed on the market for sale. The plaintiffs in this case bought homes at various times between 1978 and 1983.[1] It is important to note that Cimmaron, Inc., did not in fact build any homes, but was only in the business of preparing lots for sale. With the *1020 exception of lot 39, on which a home was built by Rogillio and Sons, a partnership, neither defendants Mr. Eugene Rogillio, Jr., nor Cimmaron, Inc., had anything to do with the building of any of the homes in question. All of the homes involved in this action were built and sold by companies and individuals not before this court.
Floods were alleged to have taken place on numerous occasions between 1979 and 1985. It is damage to their homes from these floods which led to this action by plaintiffs.
PROCEDURAL HISTORY
Plaintiffs filed suit as Cimmaron Homeowners, Inc., against three defendants, Cimmaron, Inc., the developer; Wiggins and Associates, the engineering firm; and the City-Parish of East Baton Rouge, a political subdivision. In supplemental and amending petitions, plaintiffs added each homeowner as a party plaintiff, these being necessary parties to the litigation. Plaintiffs also amended their petition to add as a defendant Mr. Eugene Rogillio, Jr., the principal stockholder of Cimmaron, Inc.
Wiggins and Associates filed third party demands against each individual builder of the homes in question and the contractor/builders of facilities within the subdivision.[2] Numerous cross-claims were also filed. After exceptions and pre-trial motions were heard, trial proceeded only against Cimmaron, Inc., Mr. Eugene Rogil-lio, Jr., (by jury) and the City-Parish (by judge). Wiggins and Associates compromised all claims against it, and released all their third party defendants. Third party demands and cross-claims are not before this court.
After hearing all of the evidence the jury returned a special verdict finding that the lots in question were not defective, and therefore released Mr. Rogillio and Cim-marón, Inc. The judge found that the City-Parish was not negligent and therefore plaintiffs’ suit was dismissed with prejudice. The judge also upheld an exception of prescription filed by Cimmaron, Inc., and Eugene Rogillio, Jr., which had been referred to the merits and reurged after the conclusion of the trial. It is from these judgments that plaintiffs have appealed.
LAW
Plaintiffs’ suit against the developer, Cimmaron, Inc., and Eugene Rogillio, Jr., is based upon redhibition. Plaintiffs’ suit against the City-Parish is based on negligence.
The law governing redhibition in Louisiana is contained in La.Civ.Code art. 2520, et. seq. Article 2520 states:
“Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.” (Emphasis added).
This article grants a cause of action for a buyer to sue to annul a sale should the thing that he buys contain a defect which, if known of at the time of the sale would have caused the buyer not to complete the sale. There are three factors which must be present to give rise to a redhibition action, those being first, a sale, second, a defect, and third, the defect must be of such a nature as to render the object purchased so inconvenient or imperfect that it gives rise to a presumption that the buyer would not have bought, had he known of that defect. Napoli v. Gully, 509 So.2d 798 (La.App. 1st Cir.1987), cert. denied. 512 So.2d 1182 (La.1987).
*1021 In this case, after presentation of all of the evidence, the jury returned a special verdict of “No defect ”. Specifically, in the special verdict interrogatories it asks:
1. A.) Did Lot 9, purchased by plaintiff Robert Mack Ellis contain a Redhi-bitory Defect?
Yes _No /
This same special verdict question was asked as to each lot in question, and was answered in the negative as to each by the jury.
Jury decisions are entitled to great weight and will not be disturbed absent manifest error. Existence of a redhi-bitory defect is a question of fact which cannot be disturbed unless the record as a whole establishes that the finding is clearly wrong. Red Arrow Sales, Inc., v. Dixie Motors, Inc., 442 So.2d 570 (La.App. 1st Cir.1983).
In this case, Mr. Eugene Rogillio and Cimmaron, Inc., were merely the parties responsible for preparing subdivision lots for sale. In pursuit of that business, a person in Mr. Rogillio’s position provides the financing needed to upgrade existing undeveloped land. He forms a corporation, in this case Cimmaron, Inc., in order to develop the raw land into lots for resale at a profit. Cimmaron, Inc., contracted with Wiggins and Associates to provide all of the engineering necessary to develop the land. They decided the elevations of the streets and the drainage. They supervised the construction of the facilities. It should be noted that Cimmaron, Inc., sold land in the form of lots, not homes which the plaintiffs in this case purchased. The jury in this case decided that the lots sold were not defective.
In the recent case of Napoli this court ruled that the fact that a lot was within a “100 year flood plain” would not be sufficient to give rise to a redhibitory defect.
In finding that this did not constitute a vice or defect sufficient to give rise to redhibition, this court stated:
The lot could be filled with dirt to a sufficient elevation so that in conjunction with the normal height of the slab the requirement would have been met. Another soloution would be to elevate the slab without filling in the lot. Additionally, the house could be constructed off the ground, thus elevating the ground floor to meet the requirements.
Therefore, the lot was not so defective as to give rise to the presumption that the condition was so inconvenient or imperfect that the sale would not have taken place, and therefore that a redhibitory vice existed. These actions would have prevented any flooding of plaintiffs’ homes. Also, in this case, the undeveloped lots complained of were not purchased directly by plaintiffs from Cimmaron, Inc. or Mr. Rogillio, but by different home builders who improved the lots with homes and then resold the homes to the plaintiffs.
For Mr. Rogillio and Cimmaron to be liable in redhibition, it is these undeveloped lots, not the homes which were purchased, which must contain the defect. As lots within a 100 year flood plain have been found not to contain redhibitory defects by this court in Napoli, it was not manifest error for the jury to find it so, and this finding will not be disturbed on appeal.[3]
In support of the proposition that the lots themselves were not defective, testimony was introduced that of the floods in 1979, 1980, and 1983, at least one exceeded 500-year flood levels, and two exceeded 100-year flood levels. For long periods of time the lots did not flood. Although it is unfortunate that the plaintiffs have in fact sustained flood damage, it is clear that there was no defect inherent in the lots themselves.
Having upheld the decision of the jury, there is no need to address the judgment of the trial court as to the exception of prescription filed by Mr. Rogillio and Cimmar-on, Inc.
*1022 The East Baton Rouge City-Parish was also named as a defendant in this action. Plaintiffs allege that the City-Parish was negligent and therefore liable due to their approval of building permits for Cimmaron subdivision, which the City-Parish allegedly knew would flood. The trial judge, after hearing the evidence presented and reading the depositions taken, ruled that the City-Parish was free from negligence, and dismissed the suit. The ruling of the trial judge as to negligence will not be disturbed absent manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), on remand 370 So.2d 1262, (La.App.) cert. denied, 374 So.2d 660 (La.1979).
In the judge’s reasons for judgment, the trial judge states:
“The record is clear, in my opinion, that the law, at the time this subdivision was approved, was that the City Parish, if it approved a development in a flood plain, only had the obligation to shade the area and put the highest number of flooding based on their records, which was the 100 year flood plain of 1962 and pass that information on to the public and the builders.”
Additionally, the subdivision had only to meet a 5 year flood requirement in order to be approved. It was only later, after passage of the Federal Flood Insurance Program that the requirements changed and all of these requirements were in fact met in this case. This court finds that, applying the manifest error rule, there are sufficient facts to support the decision of the trial judge.
The decision of the trial court is hereby affirmed.
All costs of this appeal to be borne by appellants.
AFFIRMED.
SHORTESS, J., concurs.

. List of Plaintiffs: Lot ⅝ Plaintiffs Purchase Date
Roger and Peggy Ainsworth Nov. 9, 1979 M
Grace Bielkiewcz Mar. 24, 1980 tn
Rex and Carla Bowden Feb. 1, 1979 <N|
Mark Ellis July 31, 1979 ©
Anthony & Jacqueline Firmin May 30, 1979 C4
David and Sue Gerald Mar. 19, 1979
Russel Martello Oct. 20, 1978 m
James and Jeanne McConnel Nov. 11, 1978 (N
David and San Ye Morales Mar. 28, 1980 co
David and Rosemary Murphy Nov. 15, 1978 no
Michael and Libby Reed May 17, 1979 co

. Alex Theriot, Jr. and Alex Theriot, Jr., Inc., Civil Engineers. Released on Summary Judgment.
Rogillio and Sons
C & T. Construction
Donald Dawson
Firmco, Inc.
Richard W. Smith
Donald E. Helmke
Lusan Co. Inc.
Devall, Inc.
Roy Viknair
Gary W. Devall and Patty Jo Devall
C.F. Morgan Contractor, Inc.
AH builders of homes and facilities within the subdivision.

. This court expressly refuses to rule on whether Mr. Rogillio and Cimmaron, Inc., are/are not manufacturers of a product.