620 So.2d 397 (1993)
Karl J. DUPUY and Gail H. Dupuy
v.
Manuel Francis RODRIGUEZ and Laura Belle Richardson.
No. 92 CA 0800.
Court of Appeal of Louisiana, First Circuit.
May 28, 1993.
Rehearing Denied June 28, 1993.
*398 A. Clay Pierce, Jr., Paul Holmes, Baton Rouge, for plaintiff-appellant Karl J. Dupuy and Gail H. Dupuy.
James R. Coxe, III, Baton Rouge, for defendant-appellant Heirs of Manuel F. Rodriguez.
Before EDWARDS, SHORTESS and WHIPPLE, JJ.
SHORTESS, Judge.
Karl J. Dupuy and Gail H. Dupuy (plaintiffs) brought this suit in redhibition against Manuel Francis Rodriguez and Laura Belle Richardson (defendants) to rescind a sale of immovable property.[1] From a jury verdict in favor of plaintiffs rescinding the sale as well as awarding expenses, both plaintiffs and defendants appeal.

FACTS
In July 1987, plaintiffs bought a 15-acre tract of undeveloped land located on the south side of Lower Zachary Road in East Baton Rouge Parish from defendants for $49,000.00. Prior to the sale, there were numerous discussions between the parties concerning the previous flooding of a certain portion of the land upon which plaintiffs wished to build their home (the homesite). Defendants told plaintiffs that to their knowledge the proposed homesite had not flooded in the past. However, defendants further explained to plaintiffs that flooding of their old barn located on the southeast corner of the tract occurred every spring, and their old house, also located in the southeast corner, had flooded on two occasions with the water rising four inches above floor level.
On June 29, 1989, before they had undertaken the construction of their house, plaintiffs discovered the majority of the property, including the homesite, in a flooded condition following an extraordinary rainfall. Thereafter, plaintiffs hired an engineering firm to survey the homesite and to determine its elevation. The results of the survey revealed the homesite had probably flooded on numerous occasions prior to June 1989 with water reaching its highest levels in 1977 and 1983. Accordingly, plaintiffs brought this action seeking rescission of the sale and return of all moneys paid, including expenses and attorney fees, alleging defendants knew the property had flooded in the past and not only failed to declare it, but affirmatively stated to plaintiffs it had never flooded. Defendants answered and pled the affirmative defense of prescription on the ground that more than one year had passed since the date of sale and they were not bad faith sellers.
The matter was tried before a jury over a three-day period. At the conclusion of the evidence and out of the jury's presence, the trial court overruled defendants' exception of prescription, finding defendants had knowledge of the flooding defect and omitted to declare it to the buyers. Subsequently, the jury returned a verdict in plaintiffs' favor specifically finding the property suffered from a redhibitory defect. The jury ordered the return of the property to the sellers and further awarded plaintiffs the flat sum of $20,000.00, expressly rejecting any award to plaintiffs for the principal and interest payments, cost of the improvements, inconvenience and aggravation, or attorney fees. In conformity with the jury verdict, the trial court rendered a judgment in favor of plaintiffs and against defendants. Thereafter, plaintiffs filed a motion for additur, *399 and alternatively, a new trial, both of which were denied by the trial court.[2]
On appeal, defendants contend this court should set aside the jury verdict and review the record de novo on the grounds that (1) the trial court erroneously instructed the jury and, therefore, the jury verdict must be set aside; and (2) the jury interrogatories were confusing and misleading and did not adequately set forth the issues to be decided. Defendants further argue the trial court erred in rejecting their plea of prescription.
Plaintiffs, on the other hand, contend the jury erred in failing to award them (1) the entire purchase price of the property; (2) the expenses incurred in the purchase of the property; (3) attorney fees incurred in connection with the litigation; and (4) general damages, including inconvenience and aggravation. Additionally, plaintiffs request this court to amend the original judgment to provide for legal interest from the date of judicial demand until paid.

JURY INSTRUCTIONS
Defendants contend the jury verdict must be set aside because the instructions given by the trial judge to the jury were erroneous in a critical regard and, therefore, tainted all findings of the jury. Specifically, defendants object to the following jury instruction given by the trial judge: "A house's susceptibility to flooding is a redhibitory defect." Defendants argue this instruction as given by the trial judge was misleading because no house was upon the subject property and such instruction implied that flooding of undeveloped land is a redhibitory defect.
Ordinarily, factual findings of the jury are accorded great weight and may not be disturbed by the appellate court in the absence of manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989); Stovall v. Shell Oil Co., 577 So.2d 732 (La.App. 1st Cir.), writ denied, 582 So.2d 1309 (La.1991). However, when the jury verdict is based on instructions which are faulty in a critical regard, the verdict is tainted and not entitled to a presumption of regularity. Stovall, 577 So.2d at 738; Schwamb v. Delta Air Lines, Inc., 516 So.2d 452 (La.App. 1st Cir.1987), writ denied, 520 So.2d 750 (La. 1988). Adequate jury instructions are those that fairly and reasonably point up the issues and provide correct principles of law for the jury to apply to those issues. Sparacello v. Andrews, 501 So.2d 269 (La. App. 1st Cir.1986), writ denied, 502 So.2d 103 (La.1987). When the reviewing court finds that an erroneous jury instruction probably contributed to the verdict, the verdict must be set aside on appeal. Picou v. Ferrara, 483 So.2d 915 (La.1986). The reviewing court may then conduct an independent investigation of the facts from the record before it and render judgment on the merits. Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975).
While it is true that a house's susceptibility to flooding has previously been held to be a redhibitory defect, here there was no house involved. Rather, the threshold issue before the jury was whether the flooding of the undeveloped land constituted a redhibitory defect. Because no house was involved in this litigation, we conclude the trial judge erred in giving the jury an instruction concerning a house's susceptibility to flooding. Furthermore, we find that such instruction tainted the jury's verdict and, therefore, it must be set aside. Accordingly, we will now consider the case de novo, rendering moot all but one of defendants' remaining assignments of error, and all of plaintiffs' assignments of error.[3]

*400 REDHIBITORY DEFECT
Plaintiffs' suit against defendants is based upon redhibition. Louisiana Civil Code article 2520 provides:

Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.
Under this article, a buyer has a cause of action to sue to annul a sale should the thing he buys contain a defect which, if known at the time of the sale, would have caused the buyer not to complete the sale. The test to determine whether a defect is sufficient to set aside a sale is clearly expressed by article 2520. There are three factors which must be present to give rise to a redhibition action, those being first, a sale, second, a defect, and third, the defect must be of such a nature as to render the object purchased so inconvenient or imperfect it gives rise to a presumption the buyer would not have bought it, had he known of that defect. Cimmaron Homeowners Ass'n v. Cimmaron, Inc., 533 So.2d 1018 (La.App. 1st Cir.1988), writ denied, 537 So.2d 1167 (La.1989); Napoli v. Gully, 509 So.2d 798 (La.App. 1st Cir.), writ denied, 512 So.2d 1182 (La.1987).
The property which is the subject of this litigation is a 15-acre tract of "raw" undeveloped land. For defendants to be liable in redhibition, this undeveloped land must contain the defect. In deciding this issue, we are guided by our previous rulings in Napoli, 509 So.2d 798, and Cimmaron, 533 So.2d 1018.
In Napoli, we held the fact that a lot was within a "100-year flood plain" would not be sufficient to give rise to a redhibitory defect. In so holding we stated:
The lot could be filled with dirt to a sufficient elevation so that in conjunction with the normal height of the slab the requirement would have been met. Another solution would be to elevate the slab without filling in the lot. Additionally, the house could be constructed off the ground, thus elevating the ground floor to meet the requirements.
Napoli, 509 So.2d at 800.
Accordingly, we found that the lot was not so defective as to give rise to the presumption that the condition was so inconvenient or imperfect to cause a reasonable person to refuse to purchase the lot, and therefore, no redhibitory defect existed.
In Cimmaron, we upheld a jury decision finding there was no inherent defect in the undeveloped lots upon which plaintiffs' houses had been built. Citing Napoli, we reasoned that the seller of the undeveloped lots could not be liable in redhibition where the lots themselves were not defective but, rather, the failure of the developers to create sufficient elevations for the homes created the defect.
In this case, the record reveals the property purchased by plaintiffs is flat, undeveloped, vacant land. It is bounded on the west by White's Bayou, with at least two east branches of White's Bayou extending into the property. There is also a small lake located in the central part of the property which was once a portion of White's Bayou, now separated from the main stream. In addition, the entire tract is located within the 100-year flood plain. In light of Cimmaron and Napoli, we do not find the susceptibility to flooding of this undeveloped land, situated in its natural state, to be a vice or defect sufficient to give rise to redhibition. While it is true that East Baton Rouge City-Parish regulations would require plaintiffs to build their home six feet above ground level, we find, as we did in Napoli, that this can be accomplished in a number of ways including filling the lot with dirt to a sufficient elevation, constructing the house on piers, or a combination of the two. These actions should prevent any flooding of plaintiffs' home should they decide to build one. Accordingly, we find this property is not so defective as to give rise to the presumption that the condition is so inconvenient or imperfect that the sale would not have taken place, and therefore that a redhibitory *401 vice existed. All costs are taxed to plaintiffs.
REVERSED AND RENDERED.

ON APPLICATION FOR REHEARING
Before: EDWARDS, SHORTESS, and WHIPPLE, JJ.
PER CURIAM.
The only issue presented in this application for rehearing is whether defendants complied with Louisiana Code of Civil Procedure article 1793(C).
Defendants requested that a special instruction be given to the jury. The trial court refused to give the requested charge. Defendants objected to the court's failure to give the charge. Thereafter, in lieu of the requested charge, the trial court gave the erroneous charge. We find defendants' objection complied with article 1793(C), even though defendants did not specifically object again.
The adequacy of jury instructions must be determined in light of the jury instructions as a whole. Walker v. Babcock Industries, Inc., 582 So.2d 258 (La.App. 1st Cir.1991). If the trial court gives misleading, confusing instructions, or omits an applicable essential legal principle, the jury instructions do not adequately set forth the law and may constitute reversible error. Evangeline Farmers Co-Op. v. Fontenot, 565 So.2d 1040 (La.App.3d Cir. 1990).
Plaintiffs' citation in support of their position is Menzie Tile Co. v. Professional Centre, 594 So.2d 410 (La.App. 1st Cir. 1991), writ denied, 600 So.2d 610 (La.1992). It is inapposite on the facts.
REHEARING DENIED.
NOTES
[1] Manuel Rodriguez died after the institution of these proceedings. His heirs properly substituted themselves as party defendants under the provisions of article 801 of the Louisiana Code of Civil Procedure.
[2] Plaintiffs also submitted an amended judgment to the trial court which directed that the phraseology of the judgment be altered to order the return of the entire purchase price, plus expenses of $20,000.00, to plaintiffs. The trial court signed the amended judgment, and defendants applied for remedial writs to this court, maintaining that substantive changes had been made to the jury verdict. We granted the writ in Dupuy v. Rodriguez, No. 91 CW 1820, slip op. (La.App. 1st Cir. Nov. 8, 1991), and ordered that the amended judgment be vacated and set aside.
[3] We have not addressed defendant's exception of prescription. It is unnecessary to do so because of the result we reach.