HIGGINBOTHAM, J.
| ¡¡This suit arises out of a redhibition action filed by appellants, MGD Partners, LLC (MGD), and a suit for a deficiency judgment filed by appellee, 5-Z Investments, Inc. (5-Z). In the redhibition action, appellant, MGD appeals the trial court’s judgment, which sustained appel-lee’s peremptory exception raising the objection of prescription. In the action for the deficiency judgment, appellants, Carson Davis and John Mills,[1] appeal from the trial court’s judgment granting appellee’s motion for partial summary judgment. For the following reasons, we reverse the trial court’s judgment sustaining the exception of prescription under La. Civ.Code art. 2534, and the trial court’s judgment granting partial summary judgment in favor of 5-Z, and remand the matter for further proceedings.
FACTS AND PROCEDURAL HISTORY
On March 17, 2006, MGD purchased approximately 324 acres of land in Tangipa-hoa Parish (the property) from 5-Z. The property consisted of three primary parcels: an 80-acre parcel that has been partially developed since the date of the sale with roads, in addition to curb and gutter infrastructure in preparation for a residential development (parcel 1); a second 80-acre parcel that has been developed since the date of the sale by construction of a wastewater treatment facility (parcel 2); and a 160-acre parcel that has remained undeveloped (parcel 3). MGD purchased parcel 1 outright. Parcel 2 and parcel 3 *1055 were financed by two separate notes given to 5-Z on March 17, 2006. Promissory note 1, for parcel 2, was payable in the amount of $860,741.60 and due 18 months from March 17, 2006 (note 1). Promissory note 2, for parcel 3, was payable in the amount of $1,721,483.20 and due 36 months from March 17, 2006 (note 2).
MGD purchased the property with the intention of creating a residential development. In furtherance of its plan, on parcel 1 of the property, it developed Rroads, as well as curb and gutter infrastructure. However, on March 9, 2009, after reviewing a public notice and related documents from the Army Corps of Engineers, MGD learned that the entirety of the property is located within the boundaries of the former Hammond Bombing and Gunnery Range. On April 23, 2009, MGD received a letter from Maurice Jordan, the Tangipa-hoa Parish Engineer, indicating that no further permits or approvals would be issued by the parish for development activities on MGD’s property until the risk of contamination had been fully investigated and remedied.
Thereafter, on October 28, 2009, MGD filed a suit for rescission of the sale, claiming that the property’s prior use as a bombing range constituted a redhibitory defect in the property and had it known of the defect, it would not have purchased the property. According to the petition, MGD purchased the property “under the mistaken belief that it was suitable for residential development purposes.” MGD also asserted that 5-Z knew of the defect and failed to disclose it to MGD. In MGD’s prayer for relief, it requested that the sale of parcel 3 be rescinded, and that it receive a refund of the sale price plus interest. MGD further requested a reduction in the purchase price of parcel 1 and parcel 2 to reflect the decreased value of these parcels as a result of the redhibitory defect.
In response to the allegations- raised in MGD’s petition, on January 7, 2010, 5-Z filed a peremptory exception raising the objection of prescription, asserting that it did not know of the redhibitory defect at the time of the sale, that MGD’s suit was not filed within a year of the sale, and therefore, according to La. Civ.Code art. 2534(A)(2), MGD’s redhibition claim was prescribed. On March 29, 2010, at a hearing, the trial court determined that La. Civ.Code art. 2534(A)(2) governed the prescriptive period in this case, which is a period of one year. The hearing on 5-Z’s prescription exception was continued without prejudice so that it could be re-urged in the future, pending the completion of additional discovery.
|4On March 31, 2010, 5-Z filed a recon-ventional demand against MGD and a third party demand against Carson G. Davis and John Mills, as members of MGD. In 5-Z’s petition, it asserted that Davis and Mills are “joint, several, and solidary obligors” on a promissory note in the amount of $1,721,483.20 payable to 5-Z, executed on March 17, 2006. 5-Z requested a deficiency judgment against Davis and Mills for the full amount due under the note, subject to credit for the sum realized at the sheriffs sale and amounts previously paid. According to 5-Z, the note was past due and owing, because sums owed on the note were not paid by the maturity date stipulated in the note. The property was previously sold on January 6, 2010, for $613,334.00 at a sheriffs sale in a separate matter entitled “5-Z Investments, Inc. v. MGD Partners, LLC,” and numbered 2009-0002936.
On October 25, 2010, 5-Z filed a motion for partial summary judgment on its third party and reconventional demands, contending that the “pleadings, affidavits and exhibits on file show that there is no genuine issue as to material fact,” and that it *1056 was entitled to a deficiency judgment as a matter of law. On December 10, 2010, the trial court signed a judgment granting 5-Z’s motion for partial summary judgment and entered judgment in favor of 5-Z and against Carson Davis and John Mills, as follows:[2]
[A]s joint, several and solidary obligors for the sum of $1,721,483.20, plus interest at the rate of 3.5% from March 17, 2006, until paid, together with all costs in these proceedings and in proceedings entitled “5-Z Investments, Inc. v. MGD Partners, LLC” ... and stipulated attorney’s fees in the amount of 25%, less credits of $100,000.00 paid on or about November 11, 2006 and $601,067.32 paid on or about January 6, 2010.
This judgment was certified as final by the trial court on May 1, 2012. Davis and Mills had filed a motion for new trial on December 14, 2010, which was denied by the trial court. Davis and Mills also applied for supervisory writs from this court |fiseeking review of the December 10, 2010 judgment. This court subsequently denied the writ application on June 20, 2011, declining to exercise its supervisory jurisdiction and determining that MGD would have an adequate remedy by review on appeal.[3]
On December 22, 2011, 5-Z filed a motion to reset its exception of prescription. The matter was heard on February 22, 2012, after which the trial court signed a judgment on March 2, 2012, sustaining 5-Z’s exception of prescription and dismissing MGD’s claims against 5-Z with prejudice. MGD filed a motion for new trial contending that the judgment was contrary to the law and evidence, and that it had discovered new evidence since trial. MGD’s motion for new trial was denied on May 1, 2012.
It is from the December 10, 2010 judgment granting partial summary judgment in favor of 5-Z that Davis and Mills appeal. MGD appeals the March 2, 2012 judgment sustaining 5-Z’s peremptory exception raising the objection of prescription.
DISCUSSION
I. Prescription
MGD contends that the trial court erred in granting 5-Z’s peremptory exception raising the objection of prescription, because the trial court: (1) wrongly classified the property as residential; (2) erroneously determined that 5-Z was not aware of the defect of the property at the time of the sale; and (3) failed to apply the doctrine of contra non valentón.
Louisiana Civil Code article 2534 sets forth the prescriptive period for filing a claim against a seller in redhibition and states, in part:
A. (1) The action for redhibition against a seller who did not know of the existence of a defect in the thing sold prescribes in four years from |fithe day delivery of such thing was made to the buyer or one year from the day the defect was discovered by the buyer, whichever occurs first.
(2) However, when the defect is of residential or commercial immovable property, an action for redhibition against a seller who did not know of the existence of the defect prescribes in one year from the day delivery of the property was made to the buyer.
*1057 B. The action for redhibition against a seller who knew, or is presumed to have known, of the existence of a defect in the thing sold prescribes in one year from the day the defect was discovered by the buyer.
The trial court determined that 5-Z’s exception of prescription is governed by paragraph A(2) of Article 2534, because “it was undisputed that the property was purchased and developed for residential purposes,” and therefore, the applicable prescriptive period is one year from the date of delivery of the property. MGD contends that the characterization of the property as residential was in error. According to MGD, at the time of the sale the property was vacant and undeveloped. MGD asserts that in order to classify the property at issue and determine the applicable prescriptive period, the court must look at the condition of the property at the time of the sale, and not its intended use. Thus, MGD contends that paragraph A(l) of Article 2534 governs the prescription exception with an applicable prescriptive period of four years from the date of delivery of the property or one year from the day the defect was discovered by MGD.
Louisiana Civil Code article 2534(A)(2) provides, “when the defect is of residential or commercial imm.ovable property, an action for redhibition against a seller who did not know of the existence of the defect prescribes in one year from the day delivery of the property was made to the buyer.” (Emphasis added.) The language of this provision does not specifically address if such a classification is based on the intended use of the property, or if it is determined by the state of the property at the time of the sale.
17This court previously addressed this issue in Ndanyi v. White, 07-0682 (La.App. 1 Cir. 1/30/08), 976 So.2d 356 (table). In Ndanyi, this court determined that because a suit in redhibition is based on the intended use of the property, in interpreting the language of the prescriptive article on redhibition, the trial court should classify the property based upon its intended use.
This issue was submitted to the Court en banc. For the following reasons, we find that the prescriptive period for the redhibition claims is determined by the actual character of the property, as of the date of the sale, and based upon objective evidence, not upon the intended use of the property by the buyer. Accordingly, we overrule Ndanyi v. White.
Statutes providing for prescriptive periods are to be strictly construed in favor of maintaining a cause of action. David v. Our Lady of the Lake Hosp., Inc., 02-2675 (La.7/2/03), 849 So.2d 38, 47. On appeal, MGD contends that logic and the desire to avoid absurd consequences and extreme uncertainty dictate that this reasoning must prevail.
MGD sets forth that it purchased this property “under the mistaken belief that the property was suitable for residential development purposes” and that 5-Z knew of and failed to disclose the defect (i.e. that the property is actually part of a former bombing and gunnery site wholly unable to be used as a residential development without remediation, if at all). Further, MGD only learned of this defect after preliminary efforts in development of the land.
Louisiana Civil Code article 2520 provides in part, as follows:
The seller warrants the buyer against redhibitory defects, or vices, in the thing sold.
A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. The *1058 existence of such a defect gives a buyer the right to obtain rescission of the sale.
A defect is redhibitory also when, without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price. The existence of such a defect limits the right of a buyer to a reduction of the price. (Emphasis added.)
There are three factors which must be present to give rise to a redhibition action, those being first, a sale; second, a defect; and third, the defect must be of such a nature as to render the object purchased so inconvenient or imperfect it gives rise to a presumption the buyer would not have bought it, had he known of that defect. Cimmaron Homeoumers Ass’n v. Cimmaron, Inc., 533 So.2d 1018, 1020 (La.App. 1st Cir.1988), writ denied, 537 So.2d 1167 (La.1989); Napoli v. Gully, 509 So.2d 798, 799 (La.App. 1st Cir.), writ denied, 512 So.2d 1182 (La.1987). The party’s intended use of “the thing” is not referenced in the article or the jurisprudence.
The plain language of La. Civ.Code art. 2520 refers to the thing sold. The “thing sold” has a definite character at the time of sale, which cannot be altered by the buyer’s intent. When the property herein was purchased, it was neither “residential” nor “commercial.” Instead, it was unimproved, unzoned, undeveloped raw pasture and woodland. Regardless of the use or uses MGD may have ultimately intended, the property it purchased from 5-Z undisputedly was not residential or commercial. Thus, MGD’s intent is irrelevant. Like MGD, 5-Z should be bound by the character of the property at the time of the purchase regardless of MGD’s subjective intent. Any other result would lead to absurd consequences such that if the party changes its intent, the prescriptive period would change. There must be objective criteria on which to base the prescriptive period, i.e., the classification of the property as it existed at the time of the sale. Accordingly, when reviewing a matter for prescriptive purposes, the court must look at the character of the thing sold at the time of the sale, irrespective of its intended use.
|9Thus, given the nature of the property at the time of its purchase herein, the four-year prescriptive period and/or discovery rule of La. Civ.Code art. 2534(A)(1) should apply and not the one-year prescriptive period found in La. Civ.Code art. 2534(A)(2), which, by its terms, pertains to residential or commercial immovable property.
Louisiana Civil Code article 2534(A)(1) provides that an action for redhibition against a seller who did not know of the existence of a defect in the thing sold prescribes in four years from the day delivery of such thing was made to the buyer or one year from the day the defect was discovered by the buyer, whichever occurs first. MGD purchased the property from 5-Z on March 17, 2006. According to the record, MGD discovered the alleged defect in the property around March 9, 2009, and there was insufficient evidence to prove that MGD knew of the defect prior to that date. On October 28, 2009, within four years of the sale and prior to one year from discovering the alleged defect in the property, MGD filed a suit for rescission of the sale. Therefore, MGD’s suit for redhi-bition has not prescribed, and the judgment of the trial court sustaining 5-Z’s peremptory exception raising the objection of prescription is reversed.[4]
*1059 II. Summary Judgment
5-Z filed a motion for partial summary judgment on its third party demand against Davis and Mills as joint, several, and solidary obligors of promissory note 2. In its motion, 5-Z contended that there is no genuine issue as to material fact, and it is entitled to a deficiency judgment as a matter of law. In favor of its motion for summary judgment, 5-Z attached the following: (1) note 2, which provided Davis and Mills “jointly, severally and in solido, promise to pay to the order of [5-Z] ... the sum of ONE MILLION SEVEN HUNDRED TWENTY ONE ^THOUSAND FOUR HUNDRED EIGHTY THREE AND 20/100 ($1,721,-483.20) ... Due and payable Thirty Six (36) months from [March 17, 2006];” (2) the credit deed, which provided the real estate that secured the mortgage; (3) the affidavit of Mr. Clarence Zahn, in which Mr. Zahn stated that $100,000.00 had been paid towards the balance of the note, that the property was sold at sheriffs sale, and that after credit for those amounts, there still remained an outstanding balance on the note; and (4) the sheriffs sale after appraisal, showing the amount for which the property sold.
Davis and Mills contend that there are “significant issues of material fact that are genuinely in dispute,” and therefore, the trial court erred in granting summary judgment in favor of 5-Z and rendering a deficiency judgment against them. Davis and Mills argue that if, in the main demand, the contract of sale is cancelled, then the obligations of the surety are likewise extinguished as provided under La. Civ.Code arts. 3058 and 3059. Specifically, Davis and Mills contend that should MGD be successful in its redhibition claim against 5-Z then the entire debt of 5-Z, would be discharged, and Davis and Mills would also enjoy the benefits of this discharge.
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. Johnson v. Evan Hall Sugar Co-op., Inc:, 01-2956 (La.App. 1 Cir.12/30/02), 836 So.2d 484, 486. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if any, show that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966(B)(2). Summary judgment is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. Code Civ. P. art. 966(A)(2); Thomas v. Fina Oil and Chemical Co., 02-0338 (La.App. 1 Cir.2/14/03), 845 So.2d 498, 501-02. On a motion for summary In judgment, the initial burden of proof is on the mover. If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense, then the nonmoving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. La.Code Civ. P. art. 966(C)(2). If the nonmoving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. Id., 845 So.2d at 502.
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Allen v. State ex rel. Ernest N. Mortal — New Orleans Exhibition Hall *1060 Authority, 02-1072 (La.4/9/03), 842 So.2d 373, 377. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. Foreman v. Danos and Curole Marine Contractors, Inc., 97-2038 (La.App. 1st Cir.9/25/98), 722 So.2d 1, 4, unit denied, 98-2703 (La.12/18/98), 734 So.2d 637.
The general law applicable for determining the validity of a deficiency judgment action is set forth in First Guaranty Bank, Hammond, Louisiana v. Baton Rouge Petroleum Center, Inc., 529 So.2d 834, 841-42 (La.1987) (on rehearing), as follows:
When the property has been sold under the executory proceedings after appraisal and in accordance with statutory provisions governing appraisal, the creditor may obtain a personal judgment against the mortgagor for any deficiency remaining after the application of the net proceeds of sale to the secured debt. La. [Code Civ.] P. art. 2771.
[[Image here]]
To obtain a deficiency judgment, the creditor first must affirmatively plead and prove the existence of the obligation giving rise to the debt, La. [Civ.Code.] art. 1831, and the grounds of nonperformance entitling him to maintain his judicial action. La. [CivjCode]12 art. 1994. Further, he must aver and establish by evidence that the property was sold under the executory proceeding after appraisal in accordance with the provisions of article 2723 of the Code of Civil Procedure ... and that the proceeds received were insufficient to satisfy the balance of the performance then due. La. [Code Civ.] P. art. 2771; La.R.S. 13:4106; 4107.
[[Image here]]
The debtor, on the other hand, may assert both negative and affirmative defenses against the deficiency judgment action. He may defend by demonstrating the creditor’s failure to prove one of the aforementioned elements of his case or by rebutting the existence of such an element. Additionally, the debtor may assert that an obligation is null, or that it has been modified or extinguished, but in such a case the debtor must prove the facts or acts giving rise to the nullity, modification, or extinction. La. [Civ. Code] art. 1831; La. [Code Civ.] P. art. 1005. [Case citations and footnotes omitted.]
After review of the evidence submitted by 5-Z in favor of summary judgment, 5-Z established that the property was sold under the executory proceeding after appraisal in accordance with the provisions of Article 2723 of the Code of Civil Procedure, and that the proceeds received were insufficient to satisfy the balance of the performance then due. However, Davis and Mills contend that should MGD be successful in its redhibition claim against 5-Z, then the entire debt of 5-Z would be discharged and Davis and Mills would also enjoy the benefits of this discharge.
The deficiency judgment proceeding is subject to all of the ordinary defenses available to a debtor, including the defense that the obligation has been modified or extinguished. Louisiana Civil Code article 3059 provides that “[t]he extinction of the principal obligation extinguishes the suretyship.” In a deficiency judgment proceeding, the surety may interpose all nonpersonal defenses availáble to the principal debtor. See Simmons v. Clark, 64 So.2d 520, 523 (La.App. 1st Cir.1953).
Davis and Mills signed the note as members of MGD, who received the property, but also in their individual capacities. In a deficiency judgment 11sproceeding, as *1061 a debtor on the note, Davis and Mills may assert that the obligation is null or that it has been modified or extinguished. MGD requested that the sale of certain property be rescinded, and the price of certain property be reduced because of a redhibitory defect. This court has determined that MGD’s claim in redhibition has not prescribed, and thus, is still pending before the trial court. In this procedural posture, summary judgment on the deficiency action is not appropriate at this time. Although the evidence submitted by Davis and Mills is not sufficient to prove MGD’s claim in redhibition, it is sufficient to raise a genuine issue of material fact. See Jackson v. Slidell Nissan, 96-1017 (La.App. 1st Cir.5/9/97), 693 So.2d 1257,1264.
Finding that a genuine issue of material fact exists, the trial court’s judgment granting partial summary judgment in favor of 5-Z is reversed, and the matter is remanded for further proceedings.
CONCLUSION
For the foregoing reasons, the judgment of the trial court sustaining 5-Z’s peremptory exception raising the objection of prescription and the trial court’s judgment granting partial summary judgment in favor of 5-Z are reversed. This matter is remanded to the trail court for further proceedings. All costs of the appeal are assessed to appellee, 5-Z Investments, Inc.
REVERSED AND REMANDED.
McClendon, j., concurs.
CRAIN, J., concurs.
KUHN, J., dissents and assigns reason.
McDONALD, j., dissents for the reasons assigned by KUHN, J.
PETTIGREW, J., dissents and joins in reasons with KUHN, J.
THERIOT, J., dissents with reasons assigned by KUHN, J.
GUIDRY, J., dissents for reasons assigned by KUHN, J.

. Carson Davis and John Mills are members of MGD.

. On May 2, 2012, 5-Z filed a motion to dismiss its reconventional demand against MGD, reserving its rights against Davis and Mills.

. MGD Partners, LLC v. 5-Z Investments, Inc., 2011 CW 0731 (La.App. 1st Cir.6/20/11) (unpublished).

. We have concluded that La. Civ.Code art. 2534(A)(1) applies herein; therefore, we need *1059 not address whether the doctrine of contra non valentem applies or whether 5-Z was aware of the alleged defect at the time of the sale.